No. 57,245

STATE OF KANSAS, *Appellant*, v. JOHN ENGLE, *Appellee*.

(699 P.2d 47)

Opinion filed May 10, 1985.

*Steve Hopkins,* legal intern, *Jerry L. Harper,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellant.

*Edward G. Collister, Jr.,* of Collister & Kampschroeder, of Lawrence, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the State from a dismissal of the State's complaint by the magistrate at the close of the preliminary examination for the State's failure to establish that it appeared a felony (aiding and abetting the sale of cocaine) had been committed.

In November of 1982, a complaint was filed in Douglas County, Kansas, charging James Allen Zachman with selling cocaine. After learning that a warrant had been issued for his arrest, Zachman returned from Colorado to Lawrence, Kansas, in March of 1984. Zachman agreed to make controlled buys of cocaine for the State if, in return, it would dismiss the charges pending against him without prejudice.

On March 23, 1984, Zachman attempted to call Jack Hylton to arrange a purchase of cocaine. The phone was answered by John Engle, who lived with Hylton. Engle stated that Hylton was not there but would return Wednesday.

On Wednesday, March 28, Zachman again attempted to call Hylton at his residence. Engle answered the telephone. Engle explained to Zachman that Hylton had returned and that he and Hylton "were sitting down talking and stuff." Zachman agreed to call back later that evening.

Zachman called the Hylton residence again that evening. Engle again answered the phone. Engle explained that Hylton was at the home and Zachman should come over in forty-five minutes. The telephone conversation was terminated.

Zachman was then searched by Lawrence police officers and given marked currency with which to make his purchase of cocaine. Zachman then drove to the Hylton residence where a party was in progress. Zachman entered into a back bedroom with Hylton where he purchased two grams of cocaine in two packets for a total of $200. After Zachman left the house, several individuals, including Engle, were arrested.

At the preliminary hearing Zachman testified that Engle was present in the house, but did not speak to Zachman and that Engle was not present when Zachman made the drug buy from Hylton. At the close of the State's evidence, Engle's attorney moved that his client be discharged. The judge took the matter under advisement and, on August 3, 1984, issued a memorandum decision finding there was not sufficient evidence to establish probable cause that a crime had been committed and discharged the defendant. The State appealed the judge's dismissal of the complaint pursuant to K.S.A. 22-3602(b)(1).

The sole issue raised on appeal is whether there was sufficient evidence at the preliminary hearing to establish that it appeared the felony of aiding and abetting the illegal sale of cocaine had been committed.

One of the objects of a preliminary examination is to determine whether there is sufficient evidence to support a finding that it appears a felony was committed. The second object is to determine if there is probable cause to believe that the defendant committed the felony. The term "appears a felony has been committed" means there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that it appears a felony has been committed.

The magistrate at a preliminary hearing hears evidence. Where the evidence is not sufficient to show that it appears that a felony has been committed and that the defendant committed it, the magistrate must discharge the defendant. K.S.A. 22-2902.

Under the facts presented, the magistrate applied the proper test when discharging the defendant at the close of the preliminary examination. The evidence introduced by the State was insufficient to support a finding by the magistrate that it ap-

peared the crime of aiding and abetting the sale of cocaine had been committed.

The order of the preliminary hearing judge discharging the defendant for the reason that the State failed to show the crime had been committed is affirmed. The appeal of the State is dismissed.