No. 71,227

STATE OF KANSAS, *Appellant,* v. STEVEN BOCKERT, *Appellee.*

(893 P.2d 832)

Opinion filed April 21, 1995.

*Bryan M. Hastert,* assistant county attorney, argued the cause, and *Dan Dunbar,* deputy county attorney, *Lawrence M. Wright,* county attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Julie A. Gorenc,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State appeals the district court's dismissal of a complaint charging three felony drug violations against Steven Bockert for lack of probable cause following a preliminary examination. This court has jurisdiction pursuant to K.S.A. 1993 Supp. 22-3602(b)(1).

On October 4, 1993, Kansas Highway Patrol Troopers Brian Smith and Richard Jimerson stopped an automobile for speeding on Interstate 35 in Franklin County, Kansas. Steven Bockert was

a passenger in the vehicle driven by Steven Howell. After Howell was issued a warning for no driver's license and speeding, he consented to a search of the vehicle. Upon opening the trunk, the troopers discovered a bundle containing approximately 10 pounds of marijuana. Howell and Bockert were charged with possession of marijuana with the intent to distribute, a severity level 3 drug felony in violation of K.S.A. 1993 Supp. 65-4127b(b)(3); conspiracy to distribute marijuana, a severity level 3 drug felony in violation of K.S.A. 1993 Supp. 65-4127b(b)(3) and K.S.A. 1993 Supp. 21-3302; and failing to pay tax on marijuana and controlled substances, an unclassified felony in violation of K.S.A. 79-5208.

At the preliminary examination before a district magistrate, the only witness was Trooper Smith. Trooper Smith stated that after the vehicle was pulled over, he approached the passenger side of the vehicle and observed the occupants while Trooper Jimerson approached the driver's side to speak to Howell. Trooper Jimerson asked the driver, Howell, to get out of the vehicle with his driver's license. Howell exited the vehicle but did not have a driver's license on his person. Trooper Jimerson took Howell to the patrol car to determine his identity. Bockert remained in the passenger seat of the vehicle. Howell told Trooper Jimerson his name was "Steve."

In an effort to determine the identity of the driver, Trooper Smith asked Bockert who the driver was, where he and Bockert had been, and what they were doing. Bockert told Trooper Smith that he had known Howell for five years, that Steven Howell's name was "Lonnie," and implied that they were traveling a short distance. Bockert looked straight ahead and avoided eye contact with Trooper Smith.

Trooper Smith made several trips between the patrol car and the stopped vehicle to question Bockert as to Howell's identity. On one occasion Trooper Smith opened the passenger door to speak to Bockert and surveyed the interior of the car. During the conversation with the defendant, Trooper Smith observed approximately five keys hanging from the key ring in the ignition. One of the keys appeared to be the car's trunk key because of its distinctive shape and the make of the vehicle. While observing

the interior of the vehicle, the trooper noted that there was nothing on the floor between the passenger seat and the passenger door.

After Howell consented to a search of the vehicle, the officers discovered that the key to the trunk of the car was not on the key ring. Trooper Smith located a trunk key on the floor of the vehicle between the passenger door and passenger seat where Bockert had been seated. The key had not been on the floor when Trooper Smith had opened the door initially. The troopers used that key to open the vehicle's trunk. In the trunk of the vehicle the officers discovered the bundle containing approximately 10 pounds of marijuana.

At the conclusion of Trooper Smith's testimony, defense counsel moved to dismiss the charges for lack of evidence. Defense counsel pointed out that Bockert was not in possession of the vehicle, that Bockert had no ownership interest in the vehicle, and that none of Bockert's possessions were in the trunk. Defense counsel argued that the State had failed to show a connection between Bockert and the marijuana. The magistrate denied the motion to dismiss, found it appeared a crime had been committed, and found probable cause to believe that Bockert had committed the crimes charged. Bockert was bound over for arraignment.

Bockert filed a motion to dismiss. At the hearing on Bockert's motion before the district judge, defense counsel argued that Bockert's removal of the trunk key from the key ring and his reference to Howell as "Lonnie" provided insufficient evidence to support a finding of probable cause that Bockert had committed the crimes charged. The prosecutor responded that he intended to introduce at trial a videotape taken from the patrol car which indicated Bockert made "an affirmative motion towards the key ring" while he was alone in the vehicle. The prosecutor argued that Bockert's motion toward the key ring, the later recovery of the key next to Bockert's seat, and the fact that Howell and Bockert were on a lengthy interstate trip as opposed to travelling across town provided sufficient circumstantial evidence upon which to base a finding of probable cause that defendant

committed the crimes charged. The district judge granted Bockert's motion to dismiss, stating: "I've read this transcript [of the preliminary examination] several times, and the only thing I can find is a reasonable suspicion, not a probable cause." The State appealed.

The State claims that the district court erred in finding that the evidence was insufficient to find probable cause to bind Bockert over for arraignment. The State points to comments by the district judge and contends that the judge applied the wrong standard for weighing evidence at the preliminary examination and erroneously concluded that the officer's testimony was insufficient to show probable cause.

Every person arrested on a warrant charging a felony or served with a summons charging a felony shall have a right to a preliminary examination before a magistrate. K.S.A. 1993 Supp. 22-2902(1). If from the evidence it appears that a felony has been committed and there is probable cause to believe that a felony has been committed by the defendant, the magistrate shall order the defendant bound over to the district judge having jurisdiction to try the case; otherwise, the magistrate shall discharge the defendant. K.S.A. 1993 Supp. 22-2902(3).

The preliminary examination is an important part of Kansas criminal procedure. In addition to preserving the testimony of witnesses, it is protection for an accused and an instrument for justice. It apprises the person arrested as a result of a complaint of the nature of the crime charged and the sort of evidence he or she will be required to meet when subjected to final prosecution, and it affords the accused an opportunity to challenge the existence of probable cause for further detention or for requiring bail. *State v. Boone*, 218 Kan. 482, 485, 543 P.2d 945 (1975), *cert. denied* 425 U.S. 915, *reh. denied* 425 U.S. 985 (1976).

An appeal from an order dismissing a complaint may be taken by the prosecution. K.S.A. 1993 Supp. 22-3602(b)(1). In appeals by the prosecution from an order discharging the defendant for lack of probable cause, the reviewing court follows the same standard for weighing the evidence as the magistrate in the preliminary examination. *State v. Sherry*, 233 Kan. 920, 935, 667 P.2d

367 (1983). The evidence at a preliminary examination need not prove guilt beyond a reasonable doubt, only probable cause. *State v. Sherry*, 233 Kan. at 935. In order to prove probable cause, there must be evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. *State v. Green*, 237 Kan. 146, Syl. ¶ 3, 697 P.2d 1305 (1985). The term "probable cause" is defined to mean a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person to believe that the accused is guilty of the offense with which he or she is charged. *State v. Howland*, 153 Kan. 352, Syl. ¶ 4, 110 P.2d 801 (1941).

It is not the function of the magistrate at a preliminary examination to determine the wisdom of the prosecuting attorney's decision to file and pursue the charges against a defendant. Neither is it the function of the magistrate to conclude there should be no prosecution because the possibility of a conviction may be remote or virtually nonexistent. *State v. Puckett*, 240 Kan. 393, Syl. ¶ 3, 729 P.2d 458 (1986).

After counsel for Bockert and the State had argued their respective positions at the hearing on the motion to dismiss, the district judge commented that he would assume that Trooper Smith could pick out the trunk key from the passenger side of the stopped vehicle even though he was suspicious of the trooper's conduct. The judge stated: "I'm not saying I don't believe him, but I'm saying I'm suspicious of his conduct." The judge noted that the troopers had determined the car was speeding by pacing it instead of using radar and had chosen to question Howell and Bockert separately, and that the trooper's questioning of Bockert was likely an improper custodial interrogation. The judge stated:

"It's obvious from reading the transcript that the car was stopped for speeding, but that stop was for speeding but not really. It's obvious that when they were questioning [Bockert] and [Howell] separately and [Trooper Smith] made three or four trips to question the passenger that they had something in mind other than speeding when they stopped the car. That's my guess, but regardless of what I suspect and know probably to be the case, I still must construe this— this man's charged with possession of drugs. There's nothing to connect him to

ownership of the car, access to those drugs or any evidence that he possessed those drugs at any time."

The judge acknowledged that the facts, construed favorably to the State, would raise reasonable suspicion that Bockert was involved in criminal activity. Nevertheless, the judge stated that the appropriate standard at a preliminary examination was whether a crime had been committed and whether there was probable cause to believe that the person charged committed the crime. Noting that the only evidence to support the State's case was the fact that Howell and Bockert were on a longer trip than across town and Bockert's alleged removal of the trunk key from the key ring and placing it beside his seat, the judge stated:

"It doesn't matter what [Bockert] did. Even if he seemed to do it, that does not make sufficient evidence for probable cause to bind somebody over. It's a case of suspicion. It has been historically true since I've been on the bench, not only by this prosecution but by the prior prosecution, to charge everybody in the car with possession, and I suppose that's for leverage. That's not my concern, but the case here against this man is so weak that he should not have been bound over because the only thing that could have been derived from this is the fact that this gentleman committed acts that may have been suspicious but certainly not probable cause acts."

The judge concluded the hearing with the following comments:

"I'm never impressed with the fact that someone was bound over. Magistrates seem to be good at that regardless, but the State has a remedy. If they've got more evidence they can always file a new charge, refile the charge and start over again, but the evidence in this preliminary certainly does not support a finding of probable cause that this person committed the crimes with which he was charged."

The State contends these comments by the judge demonstrate that he failed to apply the appropriate standard in reviewing the probable cause determination by the magistrate and improperly speculated as to the credibility of Trooper Smith.

This court's analysis in *State v. Faulkner*, 220 Kan. 153, 551 P.2d 1247 (1976), while expressly referring to the sufficiency of evidence to sustain a conviction for possession of drugs, is instructive. In that case, this court stated that possession and intent, like any element of a crime, may be proved by circumstantial evidence. When illicit drugs are found in an automobile contain-

ing more than one person, the defendant's mere presence in the vehicle, without more, would not sustain his or her conviction for possession. Other circumstances which have been held sufficiently incriminating to link a defendant with illicit drugs in a vehicle are the defendant's previous participation in the sale of drugs, use of narcotics, proximity to the area where drugs are found, and the fact the drugs were found in plain view. While no one of these circumstances, by itself, may be sufficient to support a conviction, taken together they provide a sufficient inference of knowing possession to support a verdict. 220 Kan. at 160. Other factors noted in cases involving nonexclusive possession include incriminating statements of the defendant, suspicious behavior, and proximity of the defendant's possessions to the drugs. *State v. Bullocks*, 2 Kan. App. 2d 48, 50, 574 P.2d 243, *rev. denied* 225 Kan. 846 (1978).

There is no evidence that Bockert previously participated in the sale of drugs or that he used drugs. The drugs were found concealed in the trunk and were not in plain view. There were no drugs located in the interior of the vehicle. None of Bockert's belongings were in the trunk. The evidence suggesting Bockert had control over the marijuana was that Howell and Bockert were on a longer trip than across town as stated to the officers; Bockert's misidentification of the driver; his reluctance to look directly at Trooper Smith while speaking to him; and Bockert's removal of the trunk key from the key ring and his hiding it beside his seat. It is noteworthy that the videotape purportedly showing Bockert making an action toward the key ring was not introduced at the preliminary examination and cannot be considered on review.

The district court erred in applying an inappropriate test and in discharging the defendant. The evidence was sufficient to support a probable cause finding and to order the defendant bound over for trial. See *State v. Bloomer*, 197 Kan. 668, 671, 421 P.2d 58 (1966), *cert. denied* 387 U.S. 911 (1967).

The judgment of the district court is reversed, and the case is remanded with directions to reinstate the complaint and for further proceedings in conformity with this opinion.

DAVIS, J., dissenting: I respectfully dissent and would affirm the trial court. I would further conclude that the trial court, in reviewing the decision of the magistrate to bind Bockert over for trial, applied the appropriate standard as set forth in *State v. Green*, 237 Kan. 146, Syl. ¶ 1, 697 P.2d 1305 (1985).

The charges against Bockert of possession of marijuana with intent to distribute, conspiracy to distribute marijuana, and failing to pay tax on marijuana, are all dependent upon establishing that he possessed the marijuana. At the preliminary hearing, the State would be required to present some evidence that Bockert possessed the marijuana found by the officers in the trunk of the car.

We have defined possession as having control over a place or thing with knowledge of and the intent to have such control. *State v. Faulkner*, 220 Kan. 153, 156, 551 P.2d 1247 (1976). Knowledge signifies awareness and is a requirement for "possession." Knowledge of the presence of a dangerous drug, as embraced within the concept of physical control, with the intent to exercise such control is essential. *State v. Flinchpaugh*, 232 Kan. 831, 835, 659 P.2d 208 (1983).

Bockert was a passenger. He was not in control of the automobile. Even assuming he moved the trunk key within the interior of the automobile, it was the owner of the vehicle who consented to the search of the vehicle. It was the owner who had control over the vehicle. Handling the trunk key may have been a suspicious circumstance, but it falls short of establishing probable cause that Bockert possessed the marijuana. There was no evidence presented that the driver and passenger were involved in a conspiracy to deliver marijuana other than the fact that the passenger was present in the car for an extended trip with the driver. Nothing belonging to Bockert was found in the trunk, and Bockert had no previous record involving drugs. It would seem to me that association with the driver on the trip is the most incriminating evidence against Bockert. Under these circumstances, association with the driver provides no evidence that the passenger possessed the marijuana. I agree with the district court that while there may be suspicious circumstances, there is no probable cause that Bock-

ert possessed or conspired to possess marijuana with intent to sell.

ALLEGRUCCI, J., joins the foregoing dissent.