Nos. 77,849
77,850

STATE OF KANSAS, *Appellant*, v. LINDA A. and JAMES R. McNEAL,
*Appellees.*
(940 P.2d 34)

Opinion filed May 30, 1997.

*Thomas P. Alongi*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State from the dismissal of criminal complaints against James McNeal and Linda McNeal. The complaints charged the McNeals with attempting to influence a judicial officer.

The facts are simple and not in controversy, although the State draws a different conclusion from the facts than the trial court and this court.

The McNeals' neighbor, Donald Strahley, entered into a plea agreement and pled guilty to the sale of marijuana. Several charges were reduced and/or consolidated into the single charge. Strahley agreed not to actively seek probation or any other nonprison sanction and not to oppose the presumptive prison sentence of 14 to 16 months. The trial court accepted the plea but reserved the right to unilaterally issue a departure sentence or impose an optional nonprison sanction.

While Strahley's presentence investigation report was being prepared, the McNeals mailed a letter to the trial judge. In pertinent part, that letter read:

"We are writing this letter on behalf of our friend and neighbor, Don Strahley.
. . . .

"We are well aware of the crime to which Mr. Strahley has pled guilty. We also believe he has learned a valuable and costly lesson from this experience. As you know, Don Strahley still lives, works, and conducts day to day activities in Junction City, Ft. Riley, and Geary County.

"He and his wife are well known and respected in our neighborhood, as well as the surrounding area. We are asking that you please look at the whole picture when making your decision in reference to his sentencing.

"Not only will it affect him and his wife and families. It will also affect our family, our neighborhood, and community as well.

"He and his wife have paid severely already, with the loss of his job, high legal fees, and now repurchasing his truck from the city. Please consider all of these factors when rendering your decision in this case. If Mr. Strahley ends up in Prison, there is a very real chance that they will also lose their home.

"Don and Susan Strahley do not have any knowledge of this plea, so if you have any questions, please contact us personally."

The trial judge mailed copies of the letter to the prosecutor and to Strahley's defense counsel. The State filed charges against the McNeals, alleging that the McNeals attempted to influence a judicial officer The trial court examined the informations and affidavits and held that the State had not established the commission of a crime. The trial court dismissed the informations without prejudice. The State appealed the dismissal of both informations pursuant to K.S.A. 22-3602(b)(1), and this court consolidated the appeals.

The same written evidence is presented to this court as the trial court considered. No other evidence was presented to the trial court. We examine that evidence de novo, placing us in the same position as the trial court and using the same standard to weigh the evidence as the trial court used, that is, whether the evidence is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accuseds' guilt. See *State v. Farmer*, 259 Kan. 157, Syl. ¶¶ 1, 2, 909 P.2d 1154 (1996); *State v. Bockert*, 257 Kan. 488, Syl. ¶ 2, 893 P.2d 832 (1995).

The informations in this case charged the defendants with attempting to influence a judicial officer. K.S.A. 21-3815. This statute provides:

"(a) Attempting to influence a judicial officer is communicating with any judicial officer in relation to any matter which is or may be brought before such judge, magistrate, master or juror with intent *improperly* to influence such officer.

"(b) Attempting to influence a judicial officer is a severity level 9, nonperson felony." (Emphasis added.)

This statute prohibits conduct affecting a governmental function or the administration of justice by a judicial officer in relation to any matter which is or may be brought before that judicial officer. *State v. Torline*, 215 Kan. 539, 542, 527 P.2d 994 (1974).

The State asserts that a person of ordinary prudence and caution could reasonably believe the defendants committed the crime of attempting to influence a judicial officer and could find that probable cause existed to issue a summons against these defendants based on the following evidence.

The defendants mailed their letter directly to the judge's chambers several days before sentencing. According to the State, the defendants mailed this letter in secrecy. As the State points out, if the trial judge had not delivered copies of the letter to the prosecution and to the defense counsel, the State never would have discovered the letter. Further, the defendants invited the judge to contact them personally if he had any questions. Finally, the last line of the defendants' letter states: "Don and Susan Strahley do not have any knowledge of this plea . . . ." According to the State, this line indicates that the defendants knew of the plea bargain between the State and Strahley and knew that the plea bargain required Strahley not to contest a 14- to 16-month prison term. Thus, the State argues that the defendants knew they could not request a lesser sentence on behalf of Strahley without violating the plea bargain. The State claims the defendants were determined to circumvent the plea bargain by delivering a secret letter directly to the judge.

The State argues, based on this evidence, that a person of ordinary prudence and caution could reasonably believe that the defendants committed the crime of attempting to improperly influence a judicial officer. As such, the State argues that the trial court should have found probable cause existed and should have issued

a summons against each defendant. The State asks this court to reverse the trial court's dismissal of the informations.

The question here is whether the defendants had the intent to *improperly* influence the judge. In other words, is there evidence to indicate that the defendants knew their conduct was improper and chose to participate in it anyway? The State contends that there is such evidence, pointing to the fact that the letter was only mailed to the judge and pointing to the line in the letter which stated that the Strahleys did not have any knowledge of the plea.

We do not think this evidence indicates that the defendants knew their conduct was improper but chose to participate in it anyway. There is no evidence that the defendants intended for the letter to be secret or hoped that the State would not find out about it. Further, the line in the letter quoted above does not indicate that the defendants had the intent to act improperly. At most, the line indicates that the defendants knew about the plea and knew that Don Strahley could not contest his sentence. Thus, the defendants wanted to clarify that Don did not know about the letter, had not put them up to writing the letter, and was not, himself, contesting the agreed-upon sentence. The line in the letter quoted above does not indicate that the defendants knew *they*, as opposed to Don Strahley, would violate the plea agreement if they contested the sentence or that they decided to engage in such improper behavior anyway.

There is no evidence to indicate that the defendants had the intent to improperly influence the judge. The evidence is not sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that the defendants committed the crime of attempting to improperly influence a judicial officer. The trial court properly found that probable cause to find these defendants committed a crime did not exist. The trial court properly dismissed the informations filed against the defendants.

Affirmed.