No. 80,128

STATE OF KANSAS, *Appellant,* v. DALENE GAIL HUSER, *Appellee.*

(959 P.2d 908)

Opinion filed May 29, 1998.

*Stephen D. Maxwell,* assistant attorney general, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellant.

*Ted E. Smith,* of Myers, Pottroff & Ball, of Manhattan, argued the cause, and *Robert L. Pottroff,* of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State from the trial court's dismissal of two counts of reckless aggravated battery at the conclusion of the preliminary hearing. The defendant, Dalene Gail Huser, was bound over for trial on one count of driving under the influence (DUI) and one count of refusal to submit to a preliminary screening alcohol test. The State dismissed the two remaining counts of DUI and refusal to submit to an alcohol test and appealed the trial court's ruling to this court.

At approximately 1:45 a.m. on August 18, 1996, the defendant was driving a vehicle near the Kansas State University campus in Manhattan. The bars were closing and a group of six people were crossing a street. Four of them had already crossed the street, and the last two were crossing when the car driven by the defendant struck them. The two pedestrians struck by the car were crossing the street at an angle and they were not in a marked crosswalk.

Both pedestrians testified that they did not see the defendant's car until after it hit them. Evidence was presented that the pedestrians were two or three steps past the center line when they were struck. No skid or brake marks were left, and the defendant's car traveled 1 to 3 feet after it struck the pedestrians. Ample evidence was introduced to bind the defendant over on the driving under the influence charge. In so holding, the trial court stated:

"So really the charge is recklessly causing this—these injuries by Mrs. Huser. Mr. Pottroff has provided the Court with his brief. In it [he] cites the definition from K.S.A. 21-3201c of reckless conduct. It reads reckless conduct is conduct done under circumstances that show a realization of the [imminence] of danger to the person of another, and a conscious . . . disregard of that danger. The terms gross negligence, culpable negligence, wanton negligence, and wantonness are included within the term of recklessness as used in this code. I think there is merit to Mr. Huser's statement and his argument that we do not have evidence from the op-

eration of the vehicle or the vehicle of itself of—of reckless conduct in the handling and driving of the vehicle. And to find that there is probable cause to believe that this crime was committed from the facts presented to the Court, the Court would have to presume that Mrs. Huser was in fact intoxicated, and the fact that she was driving a vehicle in an intoxicated state would then equate into being reckless to be guilty of this offense. The Court does not make that jump and so the Court [implies[ that there is not probable cause from the evidence presented that—that there is—that the two offenses of reckless aggravated battery were committed, so the Court does find that there is not probable cause on those two offenses. We do have the driving under the influence charge and Count 4 of the refusal to submit to a preliminary alcohol screening test." ·

Instead of proceeding to trial on the DUI charge and the preliminary breath test infraction, the State filed a motion to dismiss the remaining charges. The trial court granted this motion. With the dismissal of these charges, the trial court's ruling was a final judgment, and the State appealed the trial court's ruling to this court, pursuant to K.S.A. 22-3602.

Preliminary examinations are authorized by K.S.A. 22-2902. K.S.A. 22-2202(16) defines a preliminary examination as "a hearing before a magistrate on a complaint or information to determine [1] if a felony has been committed and [2] if there is probable cause to believe that the person charged committed it."

Under step one, a judge may determine that a felony had been committed based on the evidence presented at the preliminary hearing if "there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that it appears a felony has been committed." *State v. Engle*, 237 Kan. 349, 350, 699 P.2d 47 (1985). If a preliminary hearing judge determines a felony has been committed, then the judge must determine whether there is probable cause to believe that the person charged committed the crime. "In order to prove probable cause, there must be evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. *State v. Green*, 237 Kan. 146, Syl. ¶ 3, 697 P.2d 1305 (1985)." *State v. Bockert*, 257 Kan. 488, 492, 893 P.2d 832 (1995).

While the judge at a preliminary hearing must determine that there is some evidence to support a finding that a felony has been committed and that the person charged committed it, the evidence need not prove guilt beyond a reasonable doubt, only probable cause. *Bockert*, 257 Kan. at 492; *State v. Sherry*, 233 Kan. 920, 935, 667 P.2d 367 (1983). According to *In re Mortimer*, 192 Kan. 164, 166-67, 386 P.2d 261 (1963),

"[t]here is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty. *State v. Pfeifer*, 109 Kan. 232, 233, 198 Pac. 927 [1921]; *In re Danton*, 108 Kan. 451, 195 Pac. 981 [1921]."

Furthermore, a judge at a preliminary hearing should not evaluate the prosecutor's decision to file criminal charges against the defendant. The judge should not dismiss the case simply because the judge has determined that the State should not have prosecuted the case due to the remote or nonexistent possibility of a conviction. *Bockert*, 257 Kan. at 492 (citing *State v. Puckett*, 240 Kan. 393, Syl. ¶ 3, 729 P.2d 458 [1986]).

The trial court found that the State had failed to meet its burden of proof for establishing that a crime of reckless aggravated battery had been committed. In appeals by the prosecution from an order discharging the defendant for lack of probable cause, this court follows the same standard for weighing the evidence as the judge at the preliminary examination. See *Bockert*, 257 Kan. at 492-93. This court is to conduct a de novo review of the evidence when considering the trial court's probable cause finding. *State v. Martinez*, 255 Kan. 464, 465, 874 P.2d 617 (1994). Therefore, this court should not give deference to the trial court's finding when it considers the evidence presented by the State and the defendant and evaluates the credibility and competency of the witnesses. The end result is that instead of one magistrate judge conducting a preliminary hearing, seven Supreme Court justices conduct a preliminary

hearing on the record and issue an opinion that the State is free to ignore if it can produce additional evidence.

For the defendant to be held over for trial and tried for reckless aggravated battery as charged, pursuant to K.S.A. 21-3414(a)(2)(B), the trier of facts must find probable cause that the following elements existed and could be proved at trial: The defendant acted "[1] recklessly [2] causing bodily harm to another person [3] with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted."

From the testimony presented at the preliminary hearing, the trial court had probable cause to find that the victims had suffered bodily harm at the hands of the defendant. Further, the evidence presented at the preliminary hearing provided probable cause for the trial court to find that the manner in which the bodily harm was inflicted—being struck by a car—was a manner whereby great bodily harm, disfigurement, or death can be inflicted. However, the trial court found that there was no evidence to support a probable cause finding that the defendant caused such harm with her car *recklessly*. Thus, the trial court refused to bind the defendant over on these two charges of reckless aggravated battery.

"Reckless" is defined under K.S.A. 21-3201 as follows:

"(c) Reckless conduct is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'wantonness' are included within the term 'recklessness' as used in this code."

*State v. Mourning*, 233 Kan. 678, 664 P.2d 857 (1983), discusses the relationship between driving under the influence and reckless driving. In that case, the defendant was charged with speeding, failure to drive within marked lanes, reckless driving, and driving under the influence of alcohol or drugs. The defendant pled guilty to all charges except driving under the influence of alcohol or drugs. A trial date was set for this last charge. At that time, the defendant moved to dismiss the charge on double jeopardy grounds because he had been convicted previously of reckless driving, which he alleged was a lesser included offense of the DUI charged in the same complaint. The trial court agreed with the

defendant and dismissed the DUI charge. The State successfully appealed to this court. 233 Kan. at 678-79. This court found that the trial court erred in barring the DUI prosecution based on the defendant's previous conviction for reckless driving which was alleged in the same complaint and arising out of the same conduct. This court reversed the trial court and remanded the case for trial on the DUI charge. 233 Kan. at 684.

In so ruling, this court stated:

"Does the offense of driving under the influence of alcohol or drugs require proof of an additional element which is not necessary to prove reckless driving, and vice-versa? Under K.S.A. 8-1567(a) three things must be established to support a conviction for driving under the influence of alcohol or drugs: (1) that the defendant operated the vehicle; (2) that the defendant was under the influence of alcohol or drugs while operating the vehicle, and (3) that the operation took place within the jurisdiction of the court. See *State v. Reeves*, 233 Kan. 702, 664 P.2d 862 (1983); *State v. Hall*, 1 Kan. App. 2d 730, 731, 573 P.2d 635 (1977). In *Reeves* 'under the influence of alcohol' was defined to mean that the defendant's mental or physical function was impaired by the consumption of alcohol to the extent that he was incapable of safely driving a vehicle. 233 Kan. at 704.

"K.S.A. 8-1566(a) provides:

" 'Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.'

"The gist of the proscribed conduct is driving a vehicle in reckless disregard for the safety of others. PIK Crim. 2d § 70.04 defines 'reckless' under K.S.A. 8-1566 to mean 'driving a vehicle under circumstances that show a realization of the imminence of danger to another person or the property of another where there is reckless disregard or complete indifference and unconcern for the probable consequences of such conduct.'

"The two offenses require different evidence for a conviction. To violate 8-1567 one needs only to operate a vehicle while his mental or physical capacity to function is impaired by alcohol or drugs to the extent he is no longer capable of safely driving the vehicle. It is unnecessary to prove, in addition, that the vehicle was driven in a reckless manner, although such driving may constitute circumstantial evidence the driver was under the influence of alcohol or drugs. On the other hand, to obtain a conviction for reckless driving under 8-1566 it is only necessary to establish that the vehicle was driven in willful or wanton disregard for the safety of others; in other words, under circumstances that show a realization of the imminence of danger and a reckless disregard or complete indifference for the probable consequences of such conduct. Proof is not required that the driver was under the influence of alcohol or drugs.

"An argument can be advanced that any time a person under the influence of alcohol or drugs operates a vehicle he does so in willful or wanton disregard for

the safety of others. Under such reasoning any time a person was guilty of driving under the influence of alcohol or drugs he would also necessarily be guilty of reckless driving and therefore the offense of reckless driving would constitute a 'crime necessarily proved if the crime charged were proved.' (K.S.A. 21-3107[2][d].) However, it is merely the *driving* of a vehicle while under the influence of alcohol or drugs which is proscribed by 8-1567. One does not need to swerve all over the road or drive through another's yard to be guilty of driving under the influence of alcohol or drugs. While a person under the influence of alcohol may actually drive in a straight line in the proper lane of traffic down the street, although incapable of safely operating the vehicle in accordance with traffic regulations that may be encountered, a person guilty of reckless driving is able to safely control his vehicle but, in willful or wanton disregard for the safety of others, does not do so. It is evident that a person guilty of driving under the influence of alcohol is not necessarily guilty of driving in reckless disregard for the safety of others.

. . . .

"This holding is in accord with authority from other jurisdictions. In 7A Am. Jur. 2d, Automobiles and Highway Traffic § 389, the general rule is stated:

" 'The offense of reckless driving is a distinct offense and is established by different evidence tha[n] the crime of driving while intoxicated or under the influence of intoxicating liquor, so that a conviction or acquittal of one offense will not bar prosecution for the other.'

"See also 22 C.J.S., Criminal Law § 295(2), p. 771; *Rea v. Motors Ins. Corporation*, 48 N.M. 9, 14, 144 P.2d 676 (1944); *State v. Sisneros*, 42 N.M. 500, 507, 82 P.2d 274 (1938); *Akron v. Kline*, 165 Ohio St. 322, 59 Ohio Op. 414, 135 N.E.2d 265 (1956); *State v. Amaral*, 109 R.I. 379, 382-83, 285 A.2d 783 (1972); *Usary v. State*, 172 Tenn. 305, Syl. ¶ 10, 112 S.W.2d 7 (1938); *McMillan v. State*, 468 S.W.2d 444, 445 (Tex. Crim. 1971); *Hundley v. Commonwealth*, 193 Va. 449, 451, 69 S.E.2d 336 (1952); *State ex rel. Foley v. Yuse*, 191 Wash. 1, 5, 70 P.2d 797 (1937). *Cf. State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966)." 233 Kan. at 681-83.

Here, additional evidence, beyond evidence indicating the defendant was driving under the influence of alcohol, was necessary to create probable cause for recklessness so that the trial court could bind the defendant over on the reckless aggravated battery charges. Under *Mourning*, simply driving under the influence does not, standing alone, amount to reckless behavior. One's behavior is only reckless if he or she realizes that his or her conduct creates imminent danger to another person but consciously and unjustifiably disregards the danger. K.S.A. 21-3201(c) (defining reckless conduct). There was no evidence that this occurred here—no ev-

idence of weaving, speeding, or a failure to stop quickly after the accident occurred. The State did not submit enough evidence to support a probable cause finding that the defendant committed reckless aggravated battery by recklessly driving her car.

Prior to 1993, the appropriate charge in a case of this nature would have been vehicular battery, under K.S.A. 21-3405b. A conviction under that statute required a showing that the defendant unintentionally caused bodily harm to another while driving under the influence of alcohol, driving recklessly, or eluding an officer. However, this statute was repealed effective July 1, 1993. L. 1992, ch. 298, § 97.

At the same time that K.S.A. 21-3405b was repealed, the legislature amended both the misdemeanor battery statute and the general aggravated battery statute to include reckless acts as well as intentional acts. L. 1992, ch. 298, § 11 and § 12. The legislative history of these amendments contains no specific discussion of the legislature's intent regarding the inclusion of harm caused by driving under the influence. However, the State argues that the fact that these statutes were amended simultaneously creates a clear implication that the inclusion of reckless conduct in the new battery statutes was intended to replace the former vehicular battery statute.

In addition, the State points to the Summary of Legislation, p. 126 (June 1992), which provides:

"The crimes of battery and aggravated battery are expanded to include reckless acts. Previously, reckless acts causing bodily harm or great bodily harm were not adequately covered by law, e.g., drive by shootings into a house. Vehicular battery, under K.S.A. 21-3405b, is repealed under the rationale that this criminal act is covered under the revised battery statute under K.S.A. 21-3412."

Thus, based on this language, the State claims that the legislature repealed the vehicular battery statute, believing that all forms of this crime were covered by the new aggravated battery statute.

Since a person could be convicted of vehicular battery prior to 1993 by unintentionally causing bodily harm to another while driving under the influence, regardless of independent or additional evidence of recklessness, the State claims a person can be convicted of reckless aggravated battery today based on this same conduct

because the criminal acts punished by vehicular battery are now covered under the revised battery statutes.

The State is reading the Summary of Legislation too broadly. When the vehicular battery statute was in effect, it punished a defendant for unintentionally causing bodily harm to another while driving under the influence, or driving recklessly, or eluding an officer. It treated each of these types of driving as a different method to prove vehicular battery. It did not equate driving under the influence with reckless driving.

When the vehicular battery statute was repealed, the legislature enacted the misdemeanor battery statute and the aggravated battery statute to include reckless acts, not just intentional acts. Thus, unintentionally causing bodily harm to another by driving a car recklessly is now punishable under the aggravated battery statute. However, this statute continues to use the term reckless in the same manner in which it has been used previously—a realization of imminent danger to another person *and* a conscious and unjustifiable disregard of that danger. K.S.A. 21-3201(c). As such, driving under the influence of alcohol does not equal driving recklessly, without additional evidence of reckless conduct. It can be argued that merely driving under the influence of alcohol amounts to reckless behavior because one should realize the imminent danger that driving in an impaired condition places another person in. However, in *Mourning*, this court specifically rejected that argument. Thus, to convict the defendant of reckless aggravated battery, the State had to prove that she caused bodily harm to the victims by driving recklessly. Since the State did not introduce any independent evidence of the defendant's recklessness, beyond evidence that she was driving under the influence of alcohol, the trial court properly did not bind the defendant over on the aggravated battery charges.

When the legislature repealed the vehicular battery statute in 1993, it knew that reckless driving did not equate to DUI because the *Mourning* case had been decided in 1983. Thus, the legislature knew that if it repealed a criminal statute which punished a defendant who caused bodily injury to a victim while driving under the influence of alcohol, this criminal act would not be covered by

a statute which punishes recklessness without independent evidence that the drunk driver also drove recklessly. We hold that there was no probable cause to bind the defendant over on the reckless aggravated battery charges. The trial court properly dismissed these charges. The State's appeal fails.

Affirmed.