No. 89,721

STATE OF KANSAS, *Appellee*, v. KENT REMMERS, *Appellant.*

(102 P.3d 433)

Opinion filed December 17, 2004.

*William F. Cummings,* of Wichita, argued the cause and was on the briefs for appellant.

*Susan C. Robson,* county attorney, argued the cause, and *Stephen A. Hilgers,* pro tem county attorney, and *Phill Kline,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Defendant appeals from his conviction of reckless driving (K.S.A. 8-1566[a]). He contends the evidence is insufficient to support the conviction. The Court of Appeals affirmed the conviction (*State v. Remmers,* No. 89,721, unpublished opinion filed January 9, 2004). The case is before us on petition for review.

## FACTS

On May 16, 2001, at approximately 11:15 a.m., defendant was driving east on 310th Street in rural Marion County. At the intersection with north Quail Creek Road, defendant ran a stop sign and his vehicle collided with a service truck being operated by Eldon Smith. Smith's truck was knocked sideways, rolled down the ditch, and caught fire. As a result, defendant was charged with reckless driving and, after a bench trial, was found guilty, fined $500, sentenced to 90 days in jail, and assessed court costs. He was granted probation from the jail time.

Defendant told the police officer at the time of the accident that he was not sure which direction the other vehicle had been traveling. He further informed the officer that he was not paying attention and that he "had his head up his ass." The terrain at the location of the accident is flat, it was a clear day, and there were no obstructions to prevent defendant from seeing the other vehicle.

The sole issue continues to be whether there was sufficient evidence to support defendant's conviction.

## STANDARD OF REVIEW

"When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Beach*, 275 Kan. 603, Syl. ¶ 2, 67 P.3d 121 (2003).

## DISCUSSION

Defendant contends something more than evidence of inattentive driving is required to support his conviction of reckless driving.

K.S.A. 8-1566(a), criminalizing reckless driving, is found under the heading "SERIOUS TRAFFIC OFFENSES" and reads as follows: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

PIK Crim. 3d 70.04 sets forth the requirements of K.S.A. 8-1566(a):

"RECKLESS DRIVING

"The defendant is charged with the crime of reckless driving. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant was driving a vehicle;
2. That the defendant was driving in a reckless manner; and
3. That this act occurred on or about [a specific day in a specific county of] Kansas.

"Reckless means driving a vehicle under circumstances that show a *realization of the imminence of danger* to another person or the property of another where there is *a conscious and unjustifiable disregard* of that danger." (Emphasis added.)

The meaning of "reckless" in the PIK is in accord with how that term is defined under our criminal intent statute. K.S.A. 21-3201 states:

"(c) Reckless conduct is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'wantonness' are included within the term 'recklessness' as used in this code."

## The Court of Appeals held:

"After a careful review of the record, we are of the opinion that defendant's indifference to the consequences of the action of inattentive driving is sufficient proof of reckless driving. We find little difference between talking on a telephone while driving and failing to pay attention while driving. *Failing to pay attention while driving satisfies the elements of reckless driving* as defined by PIK Crim. 3d 70.04." (Emphasis added.) Slip op. at 2-3.

It should be noted that "inattentive driving" is an offense under many city ordinances but is not an offense under the Kansas statutes.

While no Kansas case has dealt with the precise issue here, at least one case has touched on what constitutes reckless driving behavior in another context. In *State v. Huser*, 265 Kan. 228, 959 P.2d 908 (1998), the court stated that "a person guilty of driving under the influence of alcohol is not necessarily guilty of driving in reckless disregard for the safety of others." 265 Kan. at 234 (quoting *State v. Mourning*, 233 Kan. 678, 682, 664 P.2d 857 [1983]). In wrestling with this issue, the *Huser* court stated:

"Here, additional evidence, beyond evidence indicating the defendant was driving under the influence of alcohol, was necessary to create probable cause for recklessness so that the trial court could bind the defendant over on the reckless aggravated battery charges. Under *Mourning*, simply driving under the influence does not, standing alone, amount to reckless behavior. One's behavior is only reckless *if he or she realizes that his or her conduct creates imminent danger to another person but consciously and unjustifiably disregards the danger.* K.S.A. 21-3201(c) (defining reckless conduct). There was no evidence that this occurred here—no evidence of weaving, speeding, or a failure to stop quickly after the accident occurred. The State did not submit enough evidence to support a probable cause finding that the defendant committed reckless aggravated battery by recklessly driving her car." (Emphasis added.) 265 Kan. at 234-35.

In *State v. Krovvidi*, 274 Kan. 1059, 58 P.3d 687 (2002), it was held that running a red light as a result of inattentiveness, standing alone, did not satisfy the element of material deviation from the standard of care required for vehicular homicide.

In his supplemental brief, defendant called our attention to five cases from other jurisdictions. Most pertinent to the matter before us is *State v. Larson*, 582 N.W.2d 15 (S.D. 1998). In *Larson*, the South Dakota Supreme Court found sufficient evidence of recklessness to support defendant's convictions for motor vehicle manslaughter. The statutory language defining recklessness, S.D. Codified Law Ann. § 22-1-2(1)(d), is fairly similar to that in Kansas. See 582 N.W.2d at 18 (citing statute). In finding the evidence sufficient on the element of recklessness, the *Larson* court looked to the defendant's excessive speed in a construction zone and the fact that he was veering into a closed lane. The court held that a "speed of 62 to 68 m.p.h. in the presence of a visible road construction crew constitutes a conscious disregard of the safety of the crew." 582 N.W.2d at 19. The court further wrote:

" '[R]ecklessness requires more than ordinary negligent conduct. Evidence of carelessness, inadvertence or other similar behavior is insufficient to sustain a conviction where reckless conduct is required.' [Citation omitted.] The focus is on the state of mind of the individual, and whether his conduct is perceived as negligent or reckless depends upon his awareness of the risk his behavior creates[.]

". . . 'The difference between the terms "recklessly" and "negligently," as usually defined, is one of kind, rather than of degree. Each actor creates a risk of harm. The reckless actor is *aware* of the risk and disregards it; the negligent actor is not *aware* of the risk but should have been aware of it.' . . . 'It is the concept of

conscious disregard that distinguishes recklessness from negligence. The negligent actor fails to perceive a risk that he ought to perceive. The reckless actor perceives or is conscious of the risk, but disregards it.' [Citation omitted.]" (Emphasis added.) 582 N.W.2d at 18 (quoting *State v. Olsen*, 462 N.W.2d 474, 476-77 [S.D. 1990]).

The PIK Crim. 3d 70.04 definition of reckless driving is reiterated for convenience as follows:

"Reckless means driving a vehicle under circumstances that show a *realization of the imminence of danger* to another person or the property of another where there is *a conscious and unjustifiable disregard* of that danger." (Emphasis added.)

In the case before us, the evidence shows defendant was driving on a rural road on a clear day. There was no evidence of speeding, swerving, driving erratically, or leaving the scene of the accident. Defendant's statement to the investigating officer was that he was inattentive and failed to see the stop sign or the approaching Smith vehicle. Evidence of defendant's mental state or aggravating circumstances necessary for a conviction of reckless driving is absent. We conclude the evidence herein is insufficient to support defendant's conviction of reckless driving (K.S.A. 8-1566[a]).

Reversed.