NOT DESIGNATED FOR PUBLICATION

No. 117,138

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICARDO BERUMEN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed March 2, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.


PER CURIAM: Ricardo Berumen appeals after being convicted of two counts of reckless aggravated battery arising out of a single car accident in which several people were injured. On appeal, Berumen contends that there is not sufficient evidence in the record to support his convictions for aggravated battery. Rather, he argues that the evidence simply shows that he was driving at an excessive rate of speed. Based on our review of the record, however, we conclude that there is sufficient evidence in the record upon which a finder of fact could find that Berumen acted recklessly and is guilty of aggravated battery beyond a reasonable doubt. Thus, we affirm.

1

FACTS

The facts of this case are undisputed and the parties stipulated to the following at the bench trial conducted by the district court:

"On December 17, 2013 at 2143 hours, Sedgwick County Emergency Dispatch advised of an accident that occurred in the area of 5700 E. Pawnee. Dispatch advised that the accident involved a single car rollover accident where at least one occupant was ejected from the vehicle. Deputies with the Sedgwick County Sheriff's Office arrived on scene and found that there were five (5) occupants in the vehicle. Three (3) out of the five (5) were transported to Wesley Medical Center with injuries.

"[Deputy Scott Fischer] arrived to the scene of the accident and observed that the vehicle involved was a black colored Ford Mustang with a Kansas tag, and VIN number ending in 0809. This vehicle is registered to a Ricardo Berumen, through the investigation [it] was learned that he was also the driver at the time of the accident. The vehicle is manufactured to be occupied by four (4) people including driver, at the time of the crash there were five (5) occupants in the vehicle.

"[Deputy Fischer] was briefed at the scene by a Deputy Grunewald, who was the deputy assigned to the accident case. Deputy Grunewald informed [Deputy Fischer] that the Ford Mustang was westbound on Pawnee and crossed over Woodlawn, where it then left the roadway and entered the North ditch after failing to negotiate a curve in the roadway. The Mustang overturned after leaving the roadway and when it came to rest was upright. The vehicle also struck and damaged a fence belonging to the Kansas Turnpike Authority.

"An interview with passengers/victims M.H. and B.G. discovered that Ricardo was driving at what they described as a 'fast speed'. M.H. and B.G. stated that they were nervous and scared of the way Ricardo was driving, and that they asked Ricardo to slow down. B.G. stated that Ricardo commented 'this is where we are going to max it out' just prior to the accident. R.J.B. II was ejected from the vehicle during the crash and was transported to Wesley Medical Center with severe facial injuries and required surgery.

2

B.G. received pelvis and clavicle fractures that required surgery. M.H. received vertebrae fractures and required surgery.

"The crash data recorder from the Ford Mustang was analyzed and the data recovered indicated its speed was 124.3 mph 5 seconds prior to airbag deployment and 85.1 mph at the time of airbag deployment. Pawnee is a four lane road that has a posted speed limit of 45 mph, at Woodlawn the posted speed limit is 40 mph. The intersection of Pawnee and Woodlawn is controlled by traffic signals and just west of Woodlawn the roadway curves to the left or south slightly with two large yellow traffic signs indicating the curve in the roadway."

On October 10, 2014, the State charged Berumen with three counts of aggravated battery, in violation of K.S.A. 2014 Supp. 21-5413(b)(2)(A). On June 23, 2016, the district court held a bench trial on stipulated facts. For a reason not stated in the record, the State dismissed one of the charges at trial. After considering the evidence and the arguments of counsel, the district court found the defendant guilty of the two remaining counts of aggravated battery.

Several months later, on October 13, 2016, the district court sentenced Berumen to a total of 64 months in prison on the two counts but granted him probation for a term of 36 months. In addition, the district court ordered 24 months of postrelease supervision. On the same day, Berumen filed a notice of appeal.

ANALYSIS

On appeal, Berumen contends that the evidence produced at trial was insufficient to support the convictions of aggravated battery. Specifically, Berumen argues that the State failed to prove reckless conduct beyond a reasonable doubt. In response, the State contends that when the stipulated facts are read in the light most favorable to the prosecution, they are sufficient to prove beyond a reasonable doubt that Berumen's actions were reckless and caused great bodily harm or disfigurement to the passengers in

3

the vehicle he was driving at the time of the accident. Based on our review of the stipulated facts—and the reasonable inferences to be drawn from such facts—we conclude that there was sufficient evidence presented at trial upon which a trier of fact could conclude that Berumen was guilty of aggravated battery beyond a reasonable doubt.

When the sufficiency of evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). Where a case has been decided on stipulated facts, our review over a challenge to the sufficiency of the evidence is de novo. *State v. Dull*, 298 Kan. 832, 840, 317 P.3d 104 (2014). However, in reviewing the stipulated facts, we "cannot ignore the circumstantial evidence presented in the stipulations because, if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue, that circumstantial evidence can support a guilty verdict. In other words, a court must consider the stipulated context in which the stipulated facts occurred." *State v. Darrow*, 304 Kan. 710, Syl. ¶ 2, 374 P.3d 673 (2016)

It is undisputed the State charged that Berumen "recklessly cause[d] great bodily harm or disfigurement to" R.J.B. II and B.A.G. as a result of the automobile accident that occurred on the night of December 17, 2013. Likewise, Berumen does not dispute that he was operating a vehicle at a rate of speed substantially above the legal speed limit at the time of the accident and that both R.J.B. II and B.A.G. were injured. Moreover, Berumen does not challenge the nature or the extent of the injuries suffered by R.J.B. II and B.A.G. as a result of the accident. Rather, Berumen argues that although he was driving at an excessive rate of speed, his actions were not reckless.

"A person acts 'recklessly' or is 'reckless,' when such person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will

4

follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2017 Supp. 21-5202(j). Berumen argues that speeding—standing alone—is insufficient to establish reckless conduct. See *Vaughn v. Murray*, 214 Kan. 456, 460, 512 P.2d 262 (1974) ("speed alone does not constitute gross and wanton negligence"); see also *State v. Jenkins*, 272 Kan. 1366, 1375, 39 P.3d 47 (2002) (the real question is whether the defendant "knew of the imminent danger . . . and consciously disregarded it."); *State v. Huser*, 265 Kan. 228, 236-37, 959 P.2d 908 (1998) (the mere proof of driving under the influence is insufficient to prove recklessness).

Here, the stipulated facts show not only that Berumen was driving at the speed of 124.3 miles per hour—between 79.3 and 84.3 over the posted speed limit—just five seconds prior to the air bag deployment, but they also reveal substantial additional evidence of recklessness. In addition, the stipulated facts show that Berumen was driving at such a high rate of speed at night with five occupants in a Ford Mustang with a maximum occupancy of only four people, and that the crash ejected one of the passengers from the vehicle. Likewise, the stipulated facts show that Berumen was driving at such a high rate of speed at a location where the road curves and is marked with two large yellow traffic signs warning of the curve. Moreover, the stipulated facts show that Berumen was unable to negotiate the curve, and—as a result—his vehicle left the roadway, entered a ditch, hit a Kansas Turnpike Authority fence, and overturned before finally coming to rest upright.

Furthermore, the stipulated facts show that passengers in Berumen's vehicle said that he was driving at a "fast speed" and that they were "nervous and scared of the way [he] was driving. . . ." Significantly, the passengers "asked [him] to slow down," and Berumen told the passengers "'this is where we are going to max it out' just prior to the accident." Even when the air bags deployed during the crash, Berumen's vehicle was still travelling at a rate of 85.1 miles per hour. Although Berumen argues that this deceleration

5

was a result of him slowing down as requested by his passengers, a reasonable fact-finder could conclude—as did the district court—that his comment that "this is where we are going to max it out" meant that he did not slow down when asked to do so. Likewise, a reasonable fact-finder could reasonably infer that the vehicle decelerated only after Berumen realized that his actions had made a crash unavoidable.

Accordingly, we conclude that when the stipulated facts are viewed in the light most favorable to the State that there was sufficient evidence presented to establish beyond a reasonable doubt that Berumen consciously disregarded an imminent danger. The stipulated facts are also sufficient to establish that Berumen's actions placed his passengers at a substantial and unjustifiable risk of injury. Furthermore, the stipulated facts establish that Berumen's gross deviation from the standard of care which a reasonable person would exercise in the situation caused great bodily harm to both R.J.B. II and B.A.G.

Affirmed.