NOT DESIGNATED FOR PUBLICATION

No. 124,042

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

HENRY LEE GREEN JR.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed February 25, 2022. Reversed and remanded.

*Benjamin J. Rioux*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Carl E. Cornwell*, of Olathe, for appellee.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM:  While walking down the street with her young child, a woman saw Henry Lee Green Jr. naked on his front porch, masturbating. Green's hand covered his penis. The State charged Green with felony and misdemeanor counts of lewd and lascivious behavior. Following the preliminary hearing, the district court dismissed the felony charge, reasoning that because the woman did not see Green's sex organ, he had not exposed it, and no crime occurred. The State appeals.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of September 20, 2020, A.K. was walking down the street with her one-year-old son and her mother. As they passed Green's house, A.K. saw Green naked on his porch, masturbating while watching the group. Deputies from the Leavenworth County Sheriff's Department subsequently arrived and questioned Green. Green, who was then wearing shorts, explained he had been naked on his front porch that day and that he was just having fun with the passersby.

The State charged Green with two counts of lewd and lascivious behavior. One count was for exposing a sex organ to a person under 16 years old, which is a felony. The other count was for doing so to A.K. and her mother, which is a misdemeanor. At the preliminary hearing, A.K. testified that she did not actually see Green's penis because he had it in his hand. However, one of the deputies stated that A.K. informed him that she had seen Green's penis. The district court ultimately found no crime had been committed and dismissed the felony charge. The court reasoned that because Green had covered himself with his hand, he had not exposed himself. The State dismissed the misdemeanor charge and appeals.

## ANALYSIS

The State argues the district court erred by dismissing the felony count because it produced sufficient evidence that Green exposed his sex organ. Because circumstantial evidence indicates Green exposed himself, the State argues that the court erred in dismissing the charge.

A defendant charged with a felony is entitled to a preliminary hearing. See K.S.A. 2020 Supp. 22-2902(1). Following the presentation of evidence, the court must determine whether (1) a felony has been committed and (2) probable cause exists to believe the

2

defendant committed the crime. K.S.A. 2020 Supp. 22-2902(3); *State v. Washington*, 293 Kan. 732, 733, 268 P.3d 475 (2012). The first requires reasonable grounds of suspicion that a felony has been committed. The second requires sufficient evidence be presented to create a reasonable belief that the defendant committed the crime. See *State v. Huser*, 265 Kan. 228, Syl. ¶¶ 1-2, 959 P.2d 908 (1998). When making a probable cause determination, a district court must draw reasonable inferences from the presented evidence favoring the prosecution. *Washington*, 293 Kan. at 734. If both requirements are met, the court must bind the defendant over for trial. K.S.A. 2020 Supp. 22-2902(3).

To effectuate the Legislature's intent, appellate courts interpret statutes by looking at the text's plain meaning, giving common words their ordinary definitions. *State v. Keel*, 302 Kan. 560, Syl. ¶ 6, 357 P.3d 251 (2015). When no ambiguity exists, courts do not turn to other means of statutory construction. 302 Kan. 560, Syl. ¶ 6. However, courts must also construe statutes so as to avoid unreasonable or absurd results. *State v. Arnett*, 307 Kan. 648, 654, 413 P.3d 787 (2018).

Appellate courts review preliminary hearing determinations and issues concerning statutory interpretation de novo. See *Keel*, 302 Kan. 560, Syl. ¶ 4; *Washington*, 293 Kan. at 734.

The State charged Green with lewd and lascivious behavior under K.S.A. 2020 Supp. 21-5513(a)(2). That section criminalizes "publicly exposing a sex organ or exposing a sex organ in the presence of a person who is not the spouse of the offender and who has not consented thereto, with intent to arouse or gratify the sexual desires of the offender or another." K.S.A. 2020 Supp. 21-5513(a)(2). In *State v. Bryan*, the Kansas Supreme Court noted "'expose'" means "'lay open to view: lay bare: make known: set forth'" and is synonymous with "show or exhibit." 281 Kan. 157, 159, 130 P.3d 85 (2006) (quoting Webster's Third New International Dictionary 802 [1993]). But exposure does

not require another's awareness of the exposed item. 281 Kan. at 159. While perception may be sufficient to establish exposure, it is not necessary.

Relying on A.K.'s testimony, the district court found no crime had occurred because Green, by completely covering his penis, had not exposed a sex organ. Citing *Bryan*, the State argues the court erred by dismissing the charge because exposure of a sex organ does not require actual perception. Green contends that there is no proof that an exposure occurred based on A.K.'s testimony.

Regardless of whether A.K. saw Green's sex organ, that does not mean it was not exposed. Exposure can be inferred. Other jurisdictions interpreting similar statutes have noted circumstantial evidence may support an exposure finding. See *People v. Carbajal*, 114 Cal. App. 4th 978, 982-87, 8 Cal. Rptr. 3d 206 (2003) (exposure does not require perception, and indecent exposure conviction can be upheld if circumstantial evidence supports exposure); *Metts v. State*, 22 S.W.3d 544, 547-48 (Tex. App. 2000) (though victim did not see defendant's genitals, sufficient evidence of exposure existed when defendant stood outside truck, naked from waist down, and appeared to be masturbating). *Bryan* and these cases also suggest a sex organ is exposed if the person only makes an incidental effort to cover the organ, even if doing so obstructs another's view.

The holdings of these cases are inconsistent with the action taken by the district court. Although Green was naked on his porch, the court found that he did not expose himself because the action of masturbating obscured A.K.'s view of his penis. No evidence indicated Green attempted to cover himself to avoid A.K.'s view. The evidence suggests he did so to gratify himself. It is totally illogical that actions tending to prove the defendant's specific intent—to arouse or gratify a sexual desire—could negate the underlying act requirement—exposure of a sex organ. See *Bryan*, 281 Kan. at 160-61 (noting specific intent element).

4

Here, Green was naked on his porch. He was masturbating. At best, he only incidentally covered himself and, in fact, the action of masturbating established a statutory element of the crime. Regardless of A.K.'s perception, circumstantial evidence indicates Green exposed his sex organ.

A.K. also testified that Green did so while she was walking down the street with her mother and son, indicating the exposure was performed publicly. See *State v. Letterman*, 60 Kan. App. 2d 222, 228, 492 P.3d 1196 (defining "publicly), *rev. denied* 314 Kan. ___ (August 31, 2021). They walked in front of Green's house, suggesting they were in his presence. A.K. stated her son was not Green's spouse and did not consent to his actions. Green's actions suggest that he exposed himself to gratify his own sexual desires.

The State presented sufficient evidence to establish reasonable grounds that the felony crime of lewd and lascivious behavior had been committed and probable cause to believe Green committed that crime. The district court erred by dismissing the charge.

Reversed and remanded.