NOT DESIGNATED FOR PUBLICATION

No. 117,102

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DYLAN R. HARVEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK, JR., judge. Opinion filed June 8, 2018. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Jon S. Simpson*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: A jury convicted Dylan R. Harvey of seven offenses arising out of an injury accident in rural Jackson County. Harvey does not appeal from his convictions for driving under the influence, minor in possession, transportation of alcohol in an open container, or running a stop sign. He does appeal from his convictions for two counts of reckless aggravated battery and one count of reckless driving. Harvey argues that the State failed to present sufficient evidence to establish that his actions were reckless. Viewing the evidence in the record in the light most favorable to the State, we conclude that there was sufficient evidence presented upon which a jury could find Harvey to be guilty of reckless conduct beyond a reasonable doubt. Thus, we affirm.

1

FACTS

Around 4 p.m. on September 17, 2015, 19-year-old Dylan Harvey drove an F-150 pickup truck on County Road 98 in rural Jackson County after visiting friends. His older sister, Britni Harvey, was a passenger in the pickup. Michael Collier—who lives near the intersection of County Road 98 and County Road U4—had just finished mowing his grass and was sitting on his front porch drinking a bottle of water when the noise of the pickup caught his attention. When Collier looked up, he first saw Harvey driving the pickup eastbound on County Road 98. The pickup then turned around and headed westbound.

County Road 98 is a gravel road that ends at a T-intersection. As such, drivers going west on County Road 98 must turn either right or left onto County Road U4. There is a stop sign for traffic on County Road 98. But there are no stop signs on County Road U4. The traffic on County Road U4 has the right of way. Moreover, there is a sign on County Road 98—located about 200 yards before the T-intersection—warning drivers that they are approaching a stop sign.

There are no obstructions preventing drivers from seeing the T-intersection. In fact, Collier could see both the warning sign and the stop sign from his front porch. He could also see dust coming from a vehicle on County Road U4. As he watched Harvey drive toward the T-intersection, Collier never saw the brake lights on the pickup illuminated. Unfortunately, Harvey failed to stop at the T-intersection and collided with a 2-ton truck—driven by Donald Cottrell—headed northbound on County Road U4. The collision totaled both vehicles.

Cottrell, who was familiar with the area and knew that through traffic on County Road U4, had the right of way. He noticed a cloud of dust approaching the intersection on County Road 98 and saw the pickup. Although he thought that the pickup would stop at

2

the stop sign, it never slowed down and struck his truck on the passenger side before being pushed backward. Cottrell does not know how fast the pickup was travelling, but he does not believe that the pickup could have made a turn onto County Road U4 and stayed on the road at the speed it was going.

Multiple emergency personnel arrived at the scene of the accident, including Officer Jeremy Andrews of the Hoyt Police Department and Deputy Brittany Clarke of the Jackson County Sheriff's Office. Both Harvey and Cottrell were able to climb out of their vehicles after the accident. Unfortunately, Britni was pinned in the pickup and first responders had to extract her by using the Jaws of Life. As a result of the collision, Britni suffered a fractured left femur, multiple rib fractures, a collapsed lung, and a scalp laceration. The accident also injured Cottrell but his injuries were not as serious.

Deputy Clarke interviewed both Cottrell and Harvey at the scene. Harvey admitted failing to stop at the stop sign. Harvey also admitted that he had drunk two beers that afternoon and was in the process of drinking a third can of beer at the time of the accident. A cold can of Busch Light in a koozie was found in the cab of the pickup Harvey was driving. The beer can was partially empty. Multiple empty beer cans were also found on the floorboard of the pickup truck. Although Britni remembers that she and her brother had been at a friend's house that afternoon, she cannot remember the accident and simply recalls waking up in the hospital.

After the investigation and on December 2, 2015, the State charged Harvey with six counts:

- reckless aggravated battery of Cottrell, in violation of K.S.A. 2015 Supp. 21-5413(b)(2)(B), a severity level 8 person felony;
- driving under the influence of alcohol or drugs with a blood alcohol content above the legal limit, in violation of K.S.A. 2015 Supp. 8-1567(a)(2), a

3

class B nonperson misdemeanor or, in the alternative, driving under the influence of alcohol or drugs to a degree that rendered him incapable of driving safely, in violation of K.S.A. 2015 Supp. 8-1567(a)(3), a class B nonperson misdemeanor;

- minor in possession/consumption, in violation of K.S.A. 2015 Supp. 41-727, a class C misdemeanor;
- reckless driving, in violation of K.S.A. 8-1566, an unclassified misdemeanor;
- transportation of alcohol in an open container, in violation of K.S.A. 8-599, an unclassified misdemeanor; and,
- stop sign violation, in violation of K.S.A. 8-1528, a traffic infraction.

On April 13, 2016, the State amended its complaint to add a new count of aggravated battery against Britni, in violation of K.S.A. 2015 Supp. 21-5413(b)(2)(A), a severity level 5 person felony.

The district court conducted a jury trial on September 28 and 29, 2016. Eight witnesses—including Collier, Cottrell, Officer Andrews, and Deputy Clarke—testified at trial. We note that Clark had recently been married and was known as Brittany Strope at the time of the trial. The State also offered 17 exhibits—including a report showing that Harvey's blood alcohol content was .086—that the district court admitted into evidence. The district court also admitted the three exhibits Harvey offered into evidence. Ultimately, the jury convicted Harvey on all counts.

On November 10, 2016, the district court held a sentencing hearing. The district court imposed a prison sentence of 32 months, as well as a jail sentence of 6 months to run consecutive to the prison sentence, and 24 months of postrelease supervision. However, the district court suspended the sentence to 36 months of probation. The

4

district court also ordered a 60-day sanction, to be served on the weekends. Thereafter, Harvey timely filed this appeal.

ANALYSIS

On appeal, Harvey contends that the evidence presented at trial was insufficient to prove that he was driving recklessly at the time of the accident. In particular, Harvey argues that evidence of a DUI and running a stop sign is insufficient to establish that he acted recklessly. In response, the State points out that there is sufficient evidence in the record upon which a reasonable finder of fact could have concluded that Harvey's actions were reckless beyond a reasonable doubt. As noted above, Harvey is not challenging his convictions for driving under the influence, minor in possession, transportation of alcohol in an open container, or running a stop sign.

"'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). When reviewing the evidence, we presume the jury believed the State's evidence and to have drawn from it all reasonable inferences favorable to the State. *State v. Kettler*, 299 Kan. 448, 472, 325 P.3d 1075 (2014). In doing so, we do not reweigh the evidence, resolve evidentiary conflicts, or make determinations about witness credibility. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). It is only in rare cases where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

In this case, the jury determined that Harvey was guilty of two counts of reckless aggravated battery and one count of reckless driving. All three charges require proving that Harvey acted recklessly. Under Kansas law, a defendant acts recklessly when the

5

defendant "consciously disregards a substantial and unjustifiable risk that circumstances exist or a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2017 Supp. 21-5202(j). Accordingly, the question is whether Harvey "consciously disregarded" an imminent danger. See *State v. Jenkins*, 272 Kan. 1366, 1375, 39 P.3d 47 (2002).

As Harvey points out, evidence that a defendant was driving under the influence of alcohol, standing alone, is insufficient evidence of recklessness. *State v. Huser*, 265 Kan. 228, 234, 959 P.2d 908 (1998). Likewise, running a stop sign is not enough, standing alone, to constitute reckless driving. *State v. Remmers*, 278 Kan. 598, Syl. ¶ 3, 102 P.3d 433 (2004). Of course, in this case there is evidence of both driving under the influence of alcohol and running a stop sign. As such, neither are "standing alone" as evidence of recklessness. In addition, there is other evidence in the record that show Harvey's actions on the afternoon of September 17, 2015, to have disregarded a substantial and unjustifiable risk as well as to show a gross disregard for the standard of care that a reasonable person would have exercised under the circumstances.

Before reviewing the facts of this case, we note that the Kansas Supreme Court recently reiterated that the Manual on Uniform Traffic Control Devices (MUTCD), as adopted by the Kansas Secretary of Transportation, has the effect of law in Kansas. *Patterson v. Cowley County*, 307 Kan. 616, 413 P.3d 432, 435 (2018) citing K.S.A. 8-2003 and K.S.A. 2017 Supp. 8-2005(a). According to the MUTCD, warning signs—including stop ahead signs—"alert road users to conditions that might call for a reduction of speed or an action in the interest of safety and efficient traffic operations." MUTCD § 2C.01 (2009 ed.). Of course, stop signs are "used to indicate that traffic is always required to stop." MUTCD § 2B.04 (2009 ed.).

Reviewing the evidence in the record—as well as drawing all reasonable inferences from the evidence—in the light most favorable to the State, we find that in addition to driving under the influence of alcohol and running a stop sign:

- Harvey continued to drink beer while he was driving.
- Harvey disregarded a sign warning of the stop sign ahead.
- Harvey did not brake or otherwise slow down at the T-intersection.
- Harvey did not react to the dust raised by Cottrell's 2-ton truck.
- Harvey did not notice the 2-ton truck approaching the intersection.
- Harvey entered an intersection at a speed that would have made it difficult to stay on the road while turning.

We find that there is sufficient evidence in the record upon which the jury could find beyond a reasonable doubt that Harvey consciously disregarded an imminent danger; that Harvey's actions placed his sister and Cottrell at a substantial and unjustifiable risk of injury; and that Harvey's actions constituted a gross deviation from the standard of care which a reasonable person would exercise in a similar situation. Therefore, viewing the evidence in the light most favorable to the State, we conclude that a reasonable jury could find Harvey to be guilty of reckless driving and of both counts of reckless aggravated battery.

Affirmed.