(193 P.3d 915)
No. 98,968

STATE OF KANSAS, *Appellant*, v. MONICA HERNANDEZ, *Appellee*.

Opinion filed
October 10, 2008.

*Jamie Blackwell*, assistant county attorney, *Ellen H. Mitchell*, county attorney, and *Paul J. Morrison*, attorney general, for appellant.

*Krystle M. Dalke*, legal intern, and *Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellee.

Before RULON, C.J., HILL and MCANANY, JJ.

RULON, C.J.: The State appeals the district court's dismissal of one count of aggravated endangering a child filed against defendant Monica Hernandez after the preliminary hearing. We affirm.

On May 7, 2007, the defendant told the police she allowed her son A.J. (d.o.b. August 19, 2005) to play in their front yard with several older children while the defendant was inside cooking dinner. According to the defendant, she could see the children from inside her home and was alternating between cooking and watching the children. The defendant looked away for a moment and when she looked back the children were gone. The defendant went looking for A.J. and was informed by a neighbor an incident had oc-

curred at the Dillons grocery store which was a short walking distance from the defendant's residence.

The Dillons parking lot and an adjoining retaining pond were full of water because of heavy rainfall. As Dillons customer Fred Foley was leaving the parking lot, he observed five or six children playing by the retaining pond. Foley's wife said she saw a boy in the water, so they turned around, went to the pond, and found A.J. completely submerged in the water lying face up and unresponsive. Foley pulled A.J. from the water and revived him. The defendant arrived shortly after A.J. was pulled from the water. The police and emergency medical technicians (EMTs) arrived shortly thereafter and A.J. was examined in the ambulance. The defendant told the EMTs she would take A.J. to the hospital herself.

Hernandez was charged with one count of aggravated endangering a child under K.S.A. 21-3608a(a)(1). At the preliminary hearing, the prosecutor clarified the defendant was charged with recklessly endangering a child under K.S.A. 21-3608a(a)(2). The district court dismissed the charge, finding "this was nothing more than an accident and there was no reckless conduct on the part of the defendant."

The State appeals under K.S.A. 22-3602(b)(1).

The State argues the district court erred in finding there was no probable cause to show the defendant committed one count of aggravated endangering a child. Under K.S.A. 22-2902(3), a defendant shall be bound over if the evidence at the preliminary examination shows that a felony has been committed and there is probable cause to believe it was committed by the defendant. *State v. Berg*, 270 Kan. 237, 238, 13 P.3d 914 (2000). In order to prove probable cause, there must be evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. *State v. Huser*, 265 Kan. 228, 230, 959 P.2d 908 (1998). The district court must draw inferences favorable to the prosecution from the evidence presented at the preliminary examination and must not be concerned with whether the possibility of conviction is remote or virtually nonexistent. Even if the evidence is weak, if some evidence tends to

disclose the charged offense was committed by the defendant, the case should go to a jury. *Berg*, 270 Kan. at 238.

The State may appeal from an order dismissing a complaint pursuant to K.S.A. 22-3602(b)(1). An appellate court reviews de novo whether the evidence presented at the preliminary hearing was sufficient to establish probable cause. *State v. Anderson*, 270 Kan. 68, 71, 12 P.3d 883 (2000); *Berg*, 270 Kan. at 238.

K.S.A. 21-3608a(a)(2) defines aggravated endangering a child as "recklessly causing or permitting a child under the age of 18 years to be placed in a situation in which the child's life, body or health is injured or endangered." K.S.A. 21-3201(c) defines reckless conduct as "conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger."

The State argues probable cause exists as to all of the elements of K.S.A. 21-3608a(a)(2) and contends the defendant acted recklessly because leaving a child under the age of 2 in the front yard without adult supervision when the city was extremely flooded places the child at a serious imminent risk. Additionally, the State argues the mother's failure to provide adult supervision in this situation shows an unjustifiable disregard for the danger that threatened this child. The State further argues the defendant allowed A.J. to be placed in a situation which endangered his life, body, or health by leaving him unsupervised long enough for the child to walk to the grocery store and fall in the water. More importantly, however, the focus of the district court's decision to dismiss the charge was that no evidence of reckless conduct was presented at the preliminary hearing.

As no Kansas case law has discussed K.S.A. 21-3608a(a)(2), the defendant responds by citing cases from other jurisdictions discussing what type of parental behavior is sufficient to meet the standard of reckless endangering of a child. In *State v. Anderson*, 108 S.W.3d 680, 683 (Mo. App. 2002), a mother was convicted of second-degree child endangerment after her 7-year-old disabled child was found naked in the middle of a highway. This charge required the State to prove " 'criminal negligence' " which is defined in part as a failure " 'to be aware of a substantial and unjus-

tifiable risk that circumstances exist or a result will follow' " and the " 'failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.' " 108 S.W.3d at 683 (quoting Mo. Rev. Stat. §562.016.5 [2000]). The *Anderson* court concluded the evidence did not establish that any failure by the mother to supervise the child posed a substantial risk the child would end up in the middle of the highway or the mother should have been aware of such a risk. 108 S.W.3d at 684. Although this case does not involve a "reckless" standard, the defendant argues our Supreme Court has recognized that recklessness requires a higher degree of mental culpability than mere negligence. See *State v. Remmers*, 278 Kan. 598, 601-02, 102 P.3d 433 (2004).

In *State v. Massey*, 128 Ohio App. 3d 438, 715 N.E.2d 235 (1998), a mother discovered her 2½ year-old child in the bathtub submerged and unresponsive after the mother had left for 30 seconds to 4 minutes to attend to another child in the apartment. The *Massey* court concluded insufficient evidence supported the mother's conviction of felony child endangering which required a showing that she recklessly violated a duty of care to her child creating a substantial risk to her health and safety. 128 Ohio App. 3d at 442. The *Massey* court concluded leaving the child alone in the bathtub was imprudent and possibly negligent, but not criminal. "If such a result were possible, undoubtedly the majority of parents in this country would be guilty of endangering—at least for acts of similar culpability." 128 Ohio App. 2d at 443-44. The *Massey* court concluded that while the mother's actions contained some speculative risk to the child, her conduct did not create a strong possibility her child would be harmed. 128 Ohio App. 2d at 444.

In *State v. McLeod*, 165 Ohio App. 3d 434, 438, 846 N.E.2d 915 (2006), the Ohio Court of Appeals concluded checking on a child on a playground once in 30 minutes while attending to other children did not rise to the level of recklessly endangering a child, reasoning: "The failure to realize an ideal level of supervisory attention of a child does not equate to acting with heedless indifference to the consequences, thereby perversely disregarding a known

strong possibility, as contrasted with a remote or significant possibility, of harm to the health or safety of the child."

Our research has disclosed an additional case which may be helpful to our analysis. In *State v. Riggs*, 2 S.W.3d 867 (Mo. App. 1999), a mother left her 4- and 2-year-old children unsupervised on the front porch eating lunch for 45 minutes knowing there was an unfenced pond nearby. The younger child drowned in the pond, and the mother was convicted of involuntary manslaughter and endangering the welfare of a child. On appeal the *Riggs* court reversed the involuntary manslaughter conviction, concluding the evidence was insufficient the mother recklessly caused the death of her child. 2 S.W.3d at 872. " 'Recklessly' " is defined in Missouri in part as: " 'consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow.' " 2 S.W.3d at 869. The *Riggs* court reasoned the mother's omission to watch her children on the steps of her home for a 45-minute period did not make it substantially certain her 2-year-old child would wander to his death when the pond was 628 feet and eight homes away. 2 S.W.3d at 872. However, the court affirmed her endangering the welfare of a child conviction which required a showing that she knowingly acted in a manner that created a substantial risk to the life, health, and body of her child. 2 S.W.3d at 872.

The case law cited above persuasively supports the district court's finding insufficient evidence of reckless conduct was presented at the preliminary hearing to support the charge of aggravated endangerment of a child. The testimony established the defendant was alternating between cooking dinner and watching the children through a window. When the defendant looked away for "a moment," the children were gone and she went looking for them. The trailer park where the defendant lived was right behind the Dillons grocery store. While the defendant's supervision was certainly less than ideal, the time frame the children were left unsupervised in this case is far less than the 45 minutes the children were left alone in their front yard in *Riggs* and the babysitter checking in once in 30 minutes on the children on the playground in *McLeod*, where the Missouri and Ohio courts found no reckless conduct.

The defendant argues the State did not produce any evidence regarding defendant's knowledge or awareness of the retaining pond or of any danger in the front yard which the defendant consciously disregarded by permitting A.J. to go outside to play. Although evidence was presented there had been heavy rain and city wide flooding from the night before, no evidence was presented defendant was aware of this flooding at the grocery store near their home and consciously disregarded a dangerous condition.

Even when viewing the evidence here in the light most favorable to the State, sufficient evidence was not presented to establish probable cause the defendant's conduct was done "under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger." See K.S.A. 21-3201(c). We are convinced the district court properly dismissed the charge of aggravated endangerment to a child because insufficient evidence was presented to establish probable cause the defendant acted "recklessly" under K.S.A. 21-3608a(a)(2).

Affirmed.