NOT DESIGNATED FOR PUBLICATION

No. 125,065

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

LONNIE DEAN BAILEY JR.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed December 16, 2022. Reversed and remanded with directions.

*Christopher Lyon*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: The Leavenworth County District Court dismissed a felony charge of possession of methamphetamine on the grounds that the State failed to present sufficient evidence at the preliminary hearing to bind defendant Lonnie Dean Bailey Jr. over for trial. This court finds, however, that the evidence, and reasonable inferences drawn therefrom, presented at the preliminary hearing was sufficient to bind Bailey over for trial. Accordingly, the judgment of the district court is reversed, and this case is remanded with instructions to reinstate the felony charge and set the matter for trial.

1

FACTUAL AND PROCEDURAL BACKGROUND

The ultimate facts that would support Bailey's conviction are somewhat disputed, but for the purpose of this appeal, this court is required to examine and draw inferences from the evidence that are favorable to the prosecution. See *State v. Washington*, 293 Kan. 732, 734, 268 P.3d 475 (2012) (evidence presented at the preliminary hearing should be viewed in a light favorable to the prosecution).

On July 2, 2021, officers from the Leavenworth Police Department, including Officer La Carol Kennedy, were dispatched to an apartment in Leavenworth County in response to a reported trespass. Upon their arrival, the officers encountered a man— whom Officer Kennedy recognized as Bailey—inside the apartment even though he was not on the lease and an eviction notice had been served on the residence the previous day. The officers arrested Bailey for criminal trespassing and two outstanding warrants.

Immediately following Bailey's arrest, Sergeant Brandon Mance of the Leavenworth Police Department arrived on the scene, helped escort Bailey from the apartment, and then searched Bailey incident to arrest prior to placing him in a police vehicle. Officer Kennedy was nearby but did not watch Sergeant Mance search Bailey. During the search, Sergeant Mance testified that he discovered a folded-up envelope in Bailey's inside pants pocket which contained an opaque, crystalline substance which Sergeant Mance recognized as methamphetamine.

Sergeant Mance gave the envelope containing the suspected methamphetamine to Officer Kennedy, the investigating officer. While still at the scene, Officer Kennedy field tested the crystalline substance which tested presumptively positive for containing methamphetamine. Bailey was then transported to Leavenworth County Jail and subsequently charged with one count of possession of methamphetamine, a severity level 5 drug felony.

On February 18, 2022, the district court conducted a preliminary hearing to determine if there was sufficient evidence to bind Bailey over for trial on the felony drug charge. Sergeant Mance and Officer Kennedy testified at the preliminary hearing. On direct examination, Sergeant Mance was asked if he recognized Bailey and he candidly responded, "I couldn't point him out." Sergeant Mance was, however, able to identify the State's exhibits depicting the envelope and substance that he discovered during his search of the individual. Despite not being able to identify Bailey, Sergeant Mance referred to the person arrested and searched as "Mr. Bailey" in his testimony.

During her testimony at the preliminary hearing, Officer Kennedy was able to identify the defendant as Bailey—the person she arrested on the day in question. Officer Kennedy further identified the State's exhibits as the envelope and substance handed to her by Sergeant Mance following Sergeant Mance's search incident to Bailey's arrest. However, Officer Kennedy testified that she "was not immediately present" when Sergeant Mance searched Bailey and, therefore, did not personally witness Sergeant Mance discover the envelope and substance on Bailey during the search.

Following the officers' testimony, the defense argued that there was insufficient evidence that the alleged methamphetamine was found on Bailey, and thus he should not be bound over for trial.

"[BAILEY'S ATTORNEY]: Your Honor, the defense would argue that the evidence presented by the State—the officer that supposedly searched Mr. Bailey cannot identify Mr. Bailey, and the officer that tested the drugs cannot say where the drugs came from except for that she got it from the officer, so I would say the State lacks identity in this case, Your Honor.

"THE COURT: [State]?

3

"[THE STATE]: Your Honor, Sergeant Mance identified the name of the subject as Lonnie Bailey, and Officer La Carol [Kennedy] identified the defendant . . . . There is probable cause to believe that the defendant possessed the methamphetamine.

"THE COURT: Well, I heard the officer say that he couldn't identify who he took the drugs from. He gave a name, but he didn't indicate how he knew that name. And she certainly doesn't know where he got it.

"[THE STATE]: You—Your Honor, there was testimony they were both there. Sergeant Mance searched the defendant 'cause he is a male. He said he gave the substance he found to Officer La Carol Kennedy, and she field-tested the substance; it was presumptive positive for methamphetamine.

"THE COURT: I understand. But he doesn't identify where he found it, on whose person.

"[THE STATE]: He—he said the name was Lonnie Bailey, he just can't identify him, because he hasn't i—been around him that much, but he said the person's name was Lonnie Bailey.

"THE COURT: And I didn't hear any testimony of how he knew that name. I . . .

"[THE STATE]: He . . . That's the name he testified to. He's just—he knows the name from the investigation.

"THE COURT: All right. All right. The Court does not believe that there is a sufficient nexus, and I don't think there's any evidence to show that—that this person sitting here is the person that he searched, so the Court at this time will find that the State has not established probable cause. The charge against the defendant then will be dismissed."

In its subsequent journal entry, the district court dismissed the case. The State now appeals pursuant to K.S.A. 2021 Supp. 22-3602(b)(1).

4

The sole issue presented in this appeal is whether the district court erred in finding there was insufficient evidence presented at the preliminary hearing to establish the probable cause necessary to bind Bailey over for trial on the felony possession of methamphetamine charge.

*Standard of Review and Governing Law*

This court reviews the district court's dismissal of a complaint for lack of probable cause de novo, reviewing the evidence anew and applying the applicable law. *State v. Anderson*, 270 Kan. 68, 71, 12 P.3d 883 (2000) ("When the State appeals the dismissal of a complaint, an appellate court's review of an order discharging the defendant for lack of probable cause is de novo."); *State v. Hernandez*, 40 Kan. App. 2d 525, 527, 193 P.3d 915 (2008) ("An appellate court reviews de novo whether the evidence presented at the preliminary hearing was sufficient to establish probable cause.").

Prior to being bound over for trial, "every person charged with a felony shall have a right to a preliminary examination before a magistrate, unless such charge has been issued as a result of an indictment by a grand jury." K.S.A. 2021 Supp. 22-2902(1). The magistrate shall then bind the defendant over to the district judge "[i]f from the evidence it appears that a felony has been committed and there is probable cause to believe that a felony has been committed by the defendant . . . ." K.S.A. 2021 Supp. 22-2902(3).

Therefore, "the magistrate at a preliminary hearing examines the evidence to determine (1) whether a crime has been committed and (2) whether there is probable cause to believe that the accused committed the crime." *Washington*, 293 Kan. at 733; see *Hernandez*, 40 Kan. App. 2d at 526 ("Under K.S.A. 22-2902(3), a defendant shall be bound over if the evidence at the preliminary examination shows that a felony has been

committed and there is probable cause to believe it was committed by the defendant."). If the magistrate determines there is not probable cause to believe the defendant committed the charged crime, then the magistrate "shall discharge the defendant." K.S.A. 2021 Supp. 22-2902(3). That is what occurred here.

"'Probable cause at a preliminary examination signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'" *Washington*, 293 Kan. at 734 (quoting *State v. Berg*, 270 Kan. 237, 238, 13 P.3d 914 [2000]); see *State v. Phillips*, 312 Kan. 643, 664, 479 P.3d 176 (2021).

> "In determining if this standard is satisfied, the judge at a preliminary hearing must draw inferences favorable to the prosecution from the evidence presented and should not be concerned with sufficiency of the evidence to support a conviction. Even where the evidence is weak, the defendant should be bound over for trial if the evidence tends to disclose that the offense charged was committed and that the defendant committed it. [Citations omitted.]" *Washington*, 293 Kan. at 734.

The evidence presented at a preliminary hearing "needs only to establish probable cause, not guilt beyond a reasonable doubt. The court's role is not to determine the wisdom of the decision to file charges or to determine whether the possibility of a conviction is likely or remote." *Anderson*, 270 Kan. at 71; see *Hernandez*, 40 Kan. App. 2d at 526-27. This is not a strenuous evidentiary standard.

*The district court erred in finding there was insufficient evidence presented at the preliminary hearing to establish the probable cause necessary to bind Bailey over for trial on the felony charge of possession of methamphetamine.*

Bailey concedes that the State presented sufficient evidence to establish probable cause to believe that someone committed the felony of possession of methamphetamine.

6

Bailey argues, however, that the State did not present sufficient evidence to establish probable cause to believe that *he* committed that felony. Bailey relies on two facts:

> (1) Sergeant Mance could not identify Bailey at the preliminary hearing; and
> (2) Officer Kennedy did not witness Sergeant Mance search Bailey and was not immediately present when Sergeant Mance discovered the envelope containing the methamphetamine.

The district court agreed with Bailey and dismissed the felony possession charge.

Although Sergeant Mance could not identify Bailey at the preliminary hearing and Officer Kennedy did not personally observe Sergeant Mance search Bailey, the district court erred in failing to draw reasonable inferences from the evidence in favor of the prosecution. See *Washington*, 293 Kan. at 734. The preliminary hearing is not the stage at which the court determines if there is sufficient evidence to support a conviction but merely if the State presented enough evidence for a "person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Washington*, 293 Kan. at 734. Here, that standard was achieved.

Officer Kennedy was present for the entire incident and immediately identified Bailey when she arrived at the apartment. While neither Sergeant Mance nor Officer Kennedy testified that Bailey was the only suspect at the scene, the obvious inference from their testimony—especially when drawn in favor of the prosecution as required—is that Bailey was, in fact, the only suspect at the scene. *None* of the evidence presented at the preliminary examination supports the inference that there were other suspects seized and searched during the incident that could have led to confusion about from whom Sergeant Mance seized the alleged drugs. Officer Kennedy identified the suspect as Bailey, that suspect was subsequently searched by Sergeant Mance, and the evidence obtained was then turned over to Officer Kennedy. The mere fact that Officer Kennedy

did not personally observe the search would not cause a person of ordinary prudence and caution to suddenly doubt the otherwise obvious identity of the person being searched. The testimony presented at the preliminary examination and the reasonable inferences favorable to the prosecution drawn therefrom supports the conclusion that Sergeant Mance seized the suspected methamphetamine from Bailey during the search incident to his arrest on July 2, 2021.

CONCLUSION

The State presented sufficient evidence at the preliminary hearing to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that Bailey was, in fact, the suspect on whose person Sergeant Mance discovered the envelope containing suspected methamphetamine and, therefore, to reasonably believe that Bailey was guilty of felony possession of methamphetamine. Accordingly, the district court erred in finding there was insufficient evidence to establish the probable cause necessary to bind Bailey over for trial on the felony charge. The judgment of the district court is therefore reversed and remanded with instructions to reinstate the felony charge.

Reversed and remanded with directions.