MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 126,778

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

CHARLES SEAVER VASILE JACOBSEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Submitted without oral argument. Original opinion filed October 11, 2024. Modified opinion filed November 8, 2024. Reversed and remanded with directions.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Charles Seaver Vasile Jacobsen was charged with felony driving under the influence (DUI) because of two previous DUI convictions. But the district court

---

[1]REPORTER'S NOTE: Opinion No. 126,778 was modified by the Court of Appeals on November 8, 2024, in response to Appellee's motion for rehearing or modification. The modified language is at slip op. 2 and 5-6.

dismissed the charge, finding insufficient evidence beyond Jacobsen's statements that he drove his vehicle. Nevertheless, on appeal, we hold that the State presented sufficient circumstantial evidence at the preliminary hearing for a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that Jacobsen committed a felony DUI while driving a vehicle. Thus, we reverse the district court's dismissal of the felony DUI charge and remand with directions for the district court to reinstate the felony DUI charge. See *State v. Kahle*, No. 124,371, 2023 WL 597875, at * 1 (Kan. App. 2023) (unpublished opinion).

We issued our original memorandum opinion on October 11, 2024. Jacobsen timely filed a motion for rehearing or modification challenging only this court's findings on whether the State properly preserved its issue for appeal. The State filed an untimely response to the motion, and it will not be considered. We now issue this modified opinion only on the analysis of whether the issue raised by the State is preserved for appeal. The remaining analysis in the opinion and the disposition of the appeal are unchanged.

FACTS

On an August evening in 2022, Jacobsen reported being robbed of several pizzas while working as a delivery driver for Pizza Hut. Officer Luke Miller of the Lenexa Police Department, accompanied by his trainee, Officer Butler, was dispatched to an apartment complex to take a report from Jacobsen.

According to Officer Miller, Jacobsen reported that some individuals requested to see pizzas, which they then took and fled into an apartment without paying for. So, Jacobsen contacted the police. Miller stated that during his conversation with Jacobsen, he detected the scent of "consumed alcohol" emanating from him. Miller asked Officer Butler whether he could detect the odor, but Butler could not. About five minutes after

2

his arrival, Miller shifted his focus from investigating the theft of pizza from Jacobsen to probing Jacobsen for driving under the influence.

Officer Miller told Jacobsen that he detected the smell of alcohol and inquired if he had consumed any that day. Jacobsen firmly denied drinking that day but admitted to drinking excessively at home, which could account for the odor. He also asserted that he was safe to drive and had been driving all day. Miller asked Jacobsen to take a preliminary breath test (PBT), which Jacobsen refused, leading Miller to note that Jacobsen slurred his words. Miller then conducted standardized field sobriety tests, including the walk-and-turn and one-leg stand tests, which assess divided attention and potential impairment. Miller testified that he observed enough signs during the tests to suggest Jacobsen was impaired.

After performing field sobriety tests, Officer Miller asked Jacobsen again to take a PBT, which Jacobsen refused. Miller then arrested him for DUI and secured a search warrant for a blood draw, revealing a blood alcohol level of 0.12 grams per 100 milliliters of blood. The State charged Jacobsen with operating a vehicle "under the influence of alcohol to a degree that rendered the defendant incapable of safely driving a vehicle," which is a violation of K.S.A. 8-1567(a)(3). To bind Jacobsen over for trial at the preliminary hearing, the State needed to establish probable cause that Jacobsen (1) operated or attempted to operate a vehicle, (2) while he was under the influence of alcohol to a degree that rendered him incapable of safely driving the vehicle, and (3) that this act occurred on or about August 25, 2022, in Johnson County, Kansas. Additionally, because Jacobsen was charged with committing a severity level 6 nonperson felony, the State needed to present evidence that Jacobsen had two previous DUI convictions with one of those convictions occurring within the preceding 10 years. See K.S.A. 8-1567(b)(1)(D).

During the preliminary hearing, the State did not present any testimony confirming that anyone had actually seen Jacobsen driving. Officer Miller suggested that there was an implication of driving based on Jacobsen's difficulty parking his vehicle, which was not entirely aligned within its parking stall lines but awkwardly parked at an angle. Miller testified that he did not observe Jacobsen park the car but that Jacobsen told him that Jacobsen had parked the vehicle. The only evidence suggesting that Jacobsen had been the driver came from Miller's testimony, in which he stated that Jacobsen had conveyed this information to him. Miller testified that he confirmed with Jacobsen that Jacobsen had driven to the location where they were during their interactions. He claimed that Jacobsen acknowledged he had arrived in his vehicle just minutes before law enforcement made contact.

After hearing arguments from both parties, the district court determined that the State did not present independent corroborating evidence proving that Jacobsen operated or attempted to operate a vehicle, aside from his admissions to Officer Miller. The district court determined that the State failed to meet the corpus delicti rule, resulting in insufficient probable cause to bind Jacobsen over for trial on a felony charge for a third DUI offense. The district court explained that while there was probable cause to believe that Jacobsen was impaired, no evidence suggested he was driving the vehicle. The district court dismissed the DUI charge against Jacobsen, stating that the State did not provide independent corroborative evidence of Jacobsen operating a vehicle beyond his admission that he drove.

The State timely appealed.

*Did the district court err in dismissing the complaint because it found the evidence presented at Jacobsen's preliminary hearing was insufficient to bind him over for trial?*

The State argues that the district court erred by dismissing the case, claiming sufficient independent corroborative evidence supports Jacobsen's admission as reliable, and the purposes of the corpus delicti rule are not served by its invocation here. In contrast, Jacobsen maintains that the evidence is insufficient to establish corpus delicti, arguing that the State produced no other evidence that a DUI occurred beyond Jacobsen's uncorroborated extrajudicial admission that he drove.

### *Preservation*

Jacobsen argues that the State failed to comply with Kansas Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) because it failed to provide "a pinpoint reference to where it actually objected to the district court's ruling on *corpus delicti*." As a result, Jacobsen asserts that "this issue was unpreserved, and this Court must decline to reach the merits." The State observes that it has statutory authority to appeal from the dismissal of a complaint and that it timely filed a notice of appeal and docketed the appeal.

Kansas Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) addresses the required contents of an appellant's brief and states:

> "Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why is issue is properly before the court."

We need to focus on the district court's ruling that the State is trying to appeal. The district court dismissed the State's complaint at the preliminary hearing, finding there was insufficient evidence to establish probable cause that Jacobsen committed a DUI because, according to the court, there was no evidence that he was driving the car. Even though Jacobsen plainly admitted to the arresting officer that he had driven the car, the district court explained that Jacobsen's admission by itself did not satisfy the corpus delicti rule. Interestingly, Jacobsen had not invoked the corpus delicti rule in arguing for dismissal. A journal entry was filed and the State appealed the district court's ruling under K.S.A. 22-3602(b)(1) (allowing the State to appeal from an order dismissing a complaint).

We disagree with Jacobsen's claim that the State needed to "object" to the explanation the district court gave about the corpus delicti rule when it dismissed the DUI charge for insufficient evidence. The State is not trying to raise a new issue for the first time on appeal that was not raised and ruled on in district court, which is what Kansas Supreme Court Rule 6.02(a)(5) is designed to prevent. The sole issue on appeal is whether the State presented sufficient evidence at the preliminary hearing to establish probable cause that Jacobsen committed a felony DUI. "There is no requirement for a defendant to challenge the sufficiency of evidence before a district court to preserve the issue for appeal." *State v. Shockley*, 314 Kan. 46, 64, 494 P.3d 832 (2021). Likewise, there is no requirement for the State to challenge the district court's dismissal of a charge at a preliminary hearing for insufficient evidence to preserve the issue for appeal. The State's sole issue on appeal is preserved and properly before this court.

*Standard of Review*

We review whether the evidence presented at the preliminary hearing was sufficient to establish probable cause de novo. *State v. Washington*, 293 Kan. 732, 734, 268 P.3d 475 (2012) (motion to dismiss); see K.S.A. 22-2902.

*Analysis*

The State contends that a de novo review will demonstrate that the evidence presented at the preliminary hearing—including a credible admission from Jacobsen, in which he stated that he had been driving all day, along with independent corroborating observations—sufficiently provides probable cause that the crime of DUI occurred and that Jacobsen committed the offense.

In contrast, Jacobsen contends that the evidence presented during the preliminary hearing failed to adequately establish the first element of DUI—the vehicle's operation. While he does not dispute that the blood test showed that he was under the influence, Jacobsen argues that no evidence demonstrates he operated the vehicle while impaired. The State and Jacobsen argue the *Dern* factors, but this is not a corpus delicti issue despite the district court's use of that phrase. See *State v. Dern*, 303 Kan. 384, 392, 362 P.3d 566 (2015). This is a probable cause issue.

In Kansas, every person charged with a felony has a right to a preliminary examination, often called a preliminary hearing, unless the person was charged after being indicted by a grand jury. K.S.A. 22-2902(a). At a preliminary examination, the test for deciding to hold a defendant over for trial is whether there is enough evidence to support probable cause to believe that a crime was committed and the defendant committed it. *Washington*, 293 Kan. at 733 (explaining the evidence does not need to prove guilt conclusively but must be enough to make a reasonable person believe that the defendant committed the offense); see K.S.A. 22-2902(c). There is a distinction between the quantum of proof needed to hold someone over for trial and the amount needed to convict. *State v. Jones*, 233 Kan. 170, 173, 660 P.2d 965 (1983).

7

Probable cause requires the court to find that the evidence is sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt—it does not require proof beyond a reasonable doubt. *State v. Phillips*, 312 Kan. 643, 664, 479 P.3d 176 (2021).

In determining whether this standard is satisfied, the district court must draw inferences for the State and should not be overly concerned with whether "the possibility of conviction is remote or virtually nonexistent." *State v. Hernandez*, 40 Kan. App. 2d 525, 526, 193 P.3d 915 (2008); see K.S.A. 22-2902(c); *Washington*, 293 Kan. at 734. Even if the evidence is weak, the defendant should be bound over for trial if the evidence tends to establish that the offense was committed and that the defendant committed it. 293 Kan. at 734. This standard ensures that a jury decides the defendant's guilt or innocence at trial, not the district court at the preliminary examination. *Jones*, 233 Kan. at 174. When the evidence fails to establish a felony has been committed, the court must discharge the defendant. K.S.A. 22-2902(c).

Despite the parties' mischaracterization of this matter as a corpus delicti issue instead of the lower bar of probable cause to hold over for trial, the State contends that the *Dern* factors are pertinent in evaluating Jacobsen's case's evidentiary considerations. The State claims a trustworthy admission from Jacobsen that he had been driving all day, supported by independent observations confirming this, should address any argument suggesting that the corpus delicti rule prevents prosecution in this case and provides probable cause to bind him over for trial.

Conversely, Jacobsen emphasizes that the evidence presented at the preliminary hearing did not demonstrate the vehicle's operation while he was impaired. He argues that while he does not dispute that the State presented evidence that probable cause exists that he consumed alcohol, there was insufficient proof to connect his alleged impairment directly to the operation of the vehicle. Jacobsen also contends that there was no evidence

presented that the blood draw was done within three hours. But Jacobsen was not charged with a violation of K.S.A. 8-1567(a)(2), so the timing of his blood draw was not an element of the crime. Jacobsen invokes the *Dern* factors, suggesting a distinct lack of corpus delicti since Jacobsen did not make an extrajudicial confession to the DUI offense.

*Distinction Between Probable Cause and Corpus Delicti*

The *Dern* factors refer to extrajudicial confessions or admissions of committing a crime. 303 Kan. at 392. Although the district court referred to lack of corpus delicti, Jacobsen did not confess or admit to committing the crime of DUI—he admitted to one element of the crime—operating a vehicle. That said, there is a clear distinction between issues of probable cause and corpus delicti under the *Dern* factors framework. Probable cause refers to the sufficiency of evidence suggesting that a crime has likely occurred, which serves as the basis for advancing the case to trial. See *Hernandez*, 40 Kan. App. 2d at 526-27 (explaining "[e]ven if the evidence is weak, if some evidence tends to disclose the charged offense was committed by the defendant, the case should go to a jury"). Conversely, corpus delicti assesses whether the fundamental elements of a crime can be established independently of confessions or admissions. In other words, the corpus delicti rule aims to prevent the introduction of a defendant's confession as evidence in a case where no crime has actually occurred. *Dern*, 303 Kan. at 401. As explained by *Dern*, the corpus delicti principle is primarily applied to prevent wrongful convictions based on false confessions. 303 Kan. at 401.

While Jacobsen cites the *Dern* factors to challenge the sufficiency of evidence for proving corpus delicti, the State uses the same factors to assert that the evidence is adequate. But this case does not depend on the probability or improbability of Jacobsen's alleged admission regarding one element of the crime. Instead, it primarily focuses on whether the evidence meets the probable cause standards set forth under K.S.A. 8-1567(a)(3) for a DUI offense.

9

As stated earlier, to bind Jacobsen over for trial at the preliminary hearing under K.S.A. 8-1567(a)(3), the State needed to establish probable cause that Jacobsen (1) operated or attempted to operate a vehicle, (2) while he was under the influence of alcohol to a degree that rendered him incapable of safely driving the vehicle, and (3) that this act occurred on or about August 25, 2022, in Johnson County, Kansas. Also, because Jacobsen was charged with committing a severity level 6 nonperson felony, the State needed to present evidence that Jacobsen had two previous DUI convictions with one of those convictions occurring within the preceding 10 years.

Jacobsen's extrajudicial admission of driving all day while delivering pizzas, coupled with a blood alcohol concentration of 0.12, his previous DUI convictions, the officer's smell of alcohol emanating from Jacobsen, Jacobsen's slurred speech, and his substandard performance of the field sobriety tests provide sufficient probable cause to proceed with binding Jacobsen over for trial on the felony DUI charge.

So although Jacobsen may attempt to discredit the State's case by questioning specific elements, probable cause does not require absolute certainty or proof beyond a reasonable doubt. See *Phillips*, 312 Kan. at 664. Instead, it demands that when viewed in totality, the district court "at a preliminary hearing must draw inferences favorable to the prosecution from the evidence presented and should not be concerned with sufficiency of the evidence to support a conviction." *Washington*, 293 Kan. at 734. Here, Jacobsen's admission to driving combined with the results of his blood test provide sufficient evidence for probable cause of felony DUI to bind Jacobsen over for trial.

Thus, we reverse the district court's dismissal of the felony DUI charge and remand with directions for the district court to reinstate the felony DUI charge.

Reversed and remanded with directions.